Nash, C. J.
 

 The defendant has, we think, no cause to complain of his Honor’s charge. It was as favorable to him
 
 *102
 
 as it could have been. The indictment is for a violation of the 90th section of the 34th chapter of the Revised Code, for selling spirituous liquor to a slave without a written permission from his owner, or some person having authority to give it. The trading is not denied; but the defense is, that the liquor was sold by the clerk of the defendant contrary to his orders. The clerk swore that he had instructions from the defendant not to sell, at any time, to a slave without a written order. By the 90th section of the act referred to, it is enacted that “ Every species of unlawful trading with a slave, which is forbidden by this chapter, shall, when done by the agent or manager of another in the course of the business in which he is employed, be deemed to have been done by the consent and command ofhis principal or employer, unless the contrary shall be proved,” &c. His Honor, the presiding Judge, directed the jury that the general instructions alleged to have been given by the defendant to his agent, the clerk, would be sufficient to rebut the presumption raised by the act if unreversed and unexceptionable in their nature; that such instructions might be abrogated expressly, or by a course of practice to the contrary, or by a special approval ;■ but unless there was some such reversal, the instructions sworn to by the witness, would exempt the defendant from personal responsibility, and left the credibility of the witness to the jury. This was equivalent to saying to them — if you believe the witness, the defendant is, in law, not guilty. "We repeat, we do not perceive the ground upon which the defendant can complain. In the argument below, the State contended that these general instructions would not rebut the presumption raised by the law; on the contrary, the defendant contended that the evidence of the clerk rebutted that presumption, and threw upon the State the
 
 onus
 
 of showing that they were ever abrogated by the defendant. It will be perceived that the defense rested upon the testimony of the clerk, and the jury have, by their verdict, said that they did not believe him, and, therefore, the defense was not, in the language of the act, proved; that is, the jury did not..
 
 *103
 
 believe the general instructions bad been given, or if given, they were not in good faitb.
 

 The charge adopts the view taken by the defence — that the burden lay upon the State to prove that the general instructions had been abrogated by the defendant, in one of the modes specified; the last of which was a special approval. It is a rule of evidence, that where testimony to prove a particular fact is peculiarly within the possession or power of one of the parties, and is withheld from the jury, the presumption is, that if produced, it would operate against the party withholding it. This rule is sustained by the plainest principle of right reason. No one will hold back testimony important to his interest. In this case, the confidential relation in which the defendant and his clerk stood towards each other — the many hours in which there was no earthly eye to see them— no ear to hear them, precludes the State from producing any direct and positive proof of a subsequent approval of the act of selling the spirits to the slave. Not so with the defendant. Here was his clerk, his agent, the only person who could rebut by his testimony, the effect of the general order. "Why was not he interrogated as to the fact of defendant’s subsequent disapproval of the act, or the subsequent abrogation of the order ? Again, what became of the price for which the spirits were sold ? The clerk was selling the property of the defendant, in the course of the business for which he was employed.. Is it not reasonable, in the absence of all proof to the contrary, to suppose that it went into the funds of the defendant ? But it was in the power of the defendant, without relying on his faithless agent, to prove that he did disapprove of the act of selling to the slave in the manner stated, either by returning the price of the spirits to his master, or by discharging his clerk. Neither of which was done by him. The jury, therefore, even if they believed the witness as to the general orders, were well j ustified in further believing that they were subsequently abrogated, or the act of selling subsequently approved by the defendant, by his appropriating to
 
 *104
 
 his own use the price of the spirits. 3 vol. Stephens’ N. P., 2340 ;
 
 Patton
 
 v. Brittain, 10 Ire. Rep. 8.
 

 As to the effect of general instructions in such a caso as this, it is not necessary for us to give an opinion. But we can say, that if they are to have the effect given to lliem by the charge in this case, and in the argument of the defendant’s counsel, the act under which this prosecution js pad, will be very easily evaded.
 

 Pee CueiaM. Judgment affirmed.