## SHAY *v.* THE PEOPLE.

Petit larceny, as a first offence, is not a felony which disqualifies the convict as a witness.

The cases of *Ward* v. *The People* (3 Hill, 398), *The People* v. *Adler* (3 Parker Cr. R., 249), and *Keyser* v. *Hardbeck* (3 Duer, 373), so far as they may conflict herewith, considered and disregarded.

An indictment for murder is sufficient although, by a clerical omission of the word "with," the offence, in strictness of grammar, may appear to be charged against the knife, and not against the prisoner.

WRIT of error to the Supreme Court. The prisoner was convicted of murder, in the New York Oyer and Terminer, upon an indictment which charged that "the said Mortimer Shay [*with* omitted], a certain knife which he the said Mortimer Shay in his right hand then and there held, him the said John Leary * * * willfully and feloniously and of his malice aforethought did beat, strike, stab, and wound." There was the formal conclusion, that "the said Mortimer Shay, in the *manner and form and by the means aforesaid,* * * * did kill and murder."

One Stephen Leary was sworn as a witness for the People, and gave material testimony. It subsequently appeared that the witness had been convicted and sentenced for petit larceny as a first offence. The prisoner thereupon moved to strike out the testimony, and the motion being denied, took an exception. There was a motion in arrest of judgment, which was denied. The conviction having been affirmed by the Supreme Court, the defendant brought error to this court.

*Henry R. Clinton*, for the plaintiff in error, argued that petit larceny is a felony at common law, and still remains such; that it should, therefore, be attended with all the common law consequences of felony, among which is a disqualification to give evidence—citing and commenting upon *Ward* v. *The People* (3 Hill, 398), *The People* v. *Adler* (3 Parker Cr. R., 249), and *Keyser* v. *Hardbeck* (3 Duer, 373).

*Nelson J. Waterbury*, for the People.

COMSTOCK, Ch. J. Leary was a competent witness for the People. The act concerning crimes and their punishment (2 R. S., 701) declares, in the 23d section, that "No person, sentenced upon a conviction for a felony, shall be competent to testify in any cause, &c., unless pardoned by the Governor or the legislature, except in the cases specially provided by law; but no sentence upon a conviction for any offence other than a felony shall disqualify or render any person incompetent to be sworn or to testify in any cause, matter or proceeding, civil or criminal." The 30th section of the same act declares that "the term 'felony,' when used in this act, or in any other statute, shall be construed to mean an offence for which the offender, on conviction, shall be liable by law to be punished by death or by imprisonment in a state prison." Leary had been convicted of petit larceny, as a first offence; and that crime is not, by law, punishable with death or by imprisonment in a state prison. (2 R. S., 690, § 1.) According to our criminal code, therefore, he had not been sentenced upon conviction for a felony, and he was a competent witness. (*Carpenter* v. *Nixon*, 5 Hill, 260.) This is clear upon a mere statement of these provisions of the statute; and no argument can make it plainer.

Nor do we entertain any doubt that the indictment was sufficient, and, therefore, that the motion in arrest of judgment, made in the court below, was properly denied. The clerical error, consisting in the omission of one single word "with," in stating the means by which the homicide was committed, does

not at all obscure the sense and meaning of the accusation. As the case is a capital one, we have considered this point attentively; but we do not think that it requires a particular discussion.

The judgment must, however, be reversed, and a new trial granted, for reasons connected with the statute enacted at the last session of the legislature "in relation to capital punishment." These reasons are given at length in the case of *The People* v. *Mary Hartung*, decided at the present term.

Ordered accordingly.