### STATE v. FELCH.

The word "feloniously" is not necessary in an indictment upon a statute by which any person accessory, in this state, to a felony committed in another state, is punished as if the felony were committed here, and in the same manner as the principal offender.

INDICTMENT, for being, in this state, accessory after the fact to a burglary committed in Massachusetts. The defendant demurred, because his act was not alleged to have been done feloniously.

*Marston,* for the defendant.

*Frink,* solicitor, for the state.

DOE, C. J. Any person who, in this state, is accessory, before or after the fact, to a felony committed in any other state, is " punished in the same manner as if said felony had been committed in this state," and " in the same manner as the principal offender." Gen. St., *c.* 266, *ss.* 1, 3. The ancient English test of felony, being incompatible with our criminal law, cannot be presumed to have been adopted in this statute. 4 Bl. Com. 95, 97, 98; J. F. Stephen Cr. L. 56, 57, 105, 106, 107, 109, 110, 119; 1 Bishop Cr. L., *ss.* 580–585; Earl Russell's Essay on Eng. Govt. 153, 154; 24 Monthly Law Reporter 524; *State* v. *Scott,* 24 Vt. 127, 130. Whether that test is

useful for any purpose, we need not now inquire. *Lyford* v. *Farrar*, 31 N. H. 314 ; *Shay* v. *People*, 22 N. Y. 317 ; J. F. Stephen Cr. L. 105–110. When, in this statute, the legislature spoke of a felony as a crime of a certain well known class, they referred to the legal distinctions and legal punishments then in vogue in this state, and not to those that were foreign and obsolete. In consequence of the general statutory departure from the ancient English gradation of crimes and punishments, the word "felony" has, for some purposes, in this state, lost its ancient English signification, and acquired the meaning of a crime punishable by death or imprisonment in a state prison; and it is to be so construed in this third section. The crime intended to be charged in this case, being a state prison offence, is a felony ; and the ancient rule was, that the word "feloniously" is necessary in all indictments for felony, whether common law, or statutory.

What would "feloniously" mean in this indictment ? Would it inform the defendant that, in England, felony was formerly punished by forfeiture, and generally by death ? An indictment is an accusation, and not historical instruction. Would it inform him that New Hampshire punishes his crime either by death or state prison ? That would be a statement of law, deficient in certainty ; and an indictment is a statement, not of law, but of fact. 1 Bishop Cr. Pro., *ss.* 52, 53, 274, 275. Would it charge him with knowledge of the burglary, or an intent to assist the burglar in escaping punishment? That knowledge and that intent are fully and plainly, substantially and formally, charged in other and appropriate words. Would it signify that his knowledge, his intent, or his act, was felonious ? That would be a hint concerning the penalty ; and the penalty, being matter of law, need not be suggested. Would it signify that his knowledge, his intent, or his act, was criminal? That would be an unnecessary averment of law. Would it be a memorial of the general confederacy among English prosecutors, witnesses, juries, judges, and ministers of the crown, in favor of life, to prevent the enforcement of a code of two hundred capital crimes ? 2 Paterson Liberty of the Subject 309, 310. It is not necessary that the grand jury should thus remind the accused or the court that there is no legal or moral ground on which such a confederacy can survive the reason and object of its existence. *Darling* v. *Westmoreland*, 52 N. H. 401, 407, 408.

There was a rule requiring the word "heirs" in the conveyance of a fee. When the reason of the rule ceased, the rule ceased. *Cole* v. *Lake Co.*, 54 N. H. 242, 277–290. Whatever may have been the reason of the rule requiring the word "feloniously" in indictments for felony, there is no reason for applying that rule in this case.

*Demurrer overruled.*

Foster, J., did not sit.