[No. 1142, August 28, 1907.]

TERRITORY OF NEW MEXICO, Appellee, v. JOSHUA P. CHURCH, Appellant.

SYLLABUS.

1. An indictment, alleging that accused, the proprietor of a saloon, "where gambling is carried on,   *   *   *   un-

Territory v. Church.

lawfully * * * allow" a minor to gamble, though defective for failing to use the word "did" before the word "unlawfully," states a violation of Laws 1901, p. 19, c. 3, sec. 3, making a proprietor of a saloon where gambling is carried on, who permits minors to gamble, guilty of a misdemeanor, as against a motion in arrest.

2. That the proprietor of a saloon, where gambling is permitted, instructed his employees not to allow minors to gamble in the saloon, is no defense, on his trial for violating Laws 1901, p. 19, c. 3, sec. 3, punishing the proprietor of a saloon, where gambling is carried on, for permitting a minor to gamble therein.

3. Laws 1901, p. 19, c. 3, sec. 3, punishing the proprietor of a saloon, where gambling is permitted, for permitting a minor to gamble therein, neither makes the intent an element of the offense, nor provides that it shall be knowingly done.

4. The word "knowingly," in an indictment charging the proprietor of a saloon with unlawfully and knowingly permitting a minor to gamble therein, in violation of Laws 1901, p. 19, c. 3, sec. 3, punishing the proprietor of a saloon where gambing is carried on, who permits a minor to gamble therein, is surplusage.

5. Under Laws 1901, p. 19, c. 3, sec. 3, punishing the proprietor of a saloon, where gambling is permitted, for permitting any minor to gamble therein, and the statute providing that the act of the employee shall be the act of the proprietor, the proprietor of a saloon, where gambling is permitted, is liable for the act of his employee, though he has no knowledge thereof, and though the employee's acts are contrary to instructions.

6. Where, on the trial of the proprietor of a saloon for permitting a minor to gamble therein, the evidence showed that a roulette wheel was in the saloon, that a third person was operating it, that a minor played thereon, and a witness testified that he believed he saw a barkeeper there and accused failed to testify that the third person was not his employee, the jury were warranted in finding that the employees of the proprietor permitted the minor to gamble.

7. Where, on the trial of the proprietor of a saloon for

Territory v. Church.

permitting minors to gamble therein, in violation of Laws 1901, p. 19, c. 3, sec. 3, the evidence showed that a roulette wheel was in the saloon, that it was operated by a third person, and that the minor played thereon, and the court charged that there could be no conviction unless the jury believed that the offense was committed by the proprietor or one of his employees, and submitted the question as to whether the offense was committed by employees, an instruction based on the view that the third person was not an employee, was properly refused.

8. The sufficiency of an indictment will not be considered, where the objection was not raised by demurrer or by motions to quash or in arrest.

9. The overruling of a motion for a new trial in a criminal case, not assigned as error on appeal, is not before the court on appeal.

Appeal from the District Court for Chaves County before W. H. POPE, Associate Justice. Affirmed.

GATEWOOD & DUNN, for Appellant.

It is not only necessary that the facts and circumstances which constitute the offense should be set out in the indictment, but it must be charged that the accused DID the acts which render him answerable to the law. Ewing v. State, 1 Tex. App. 362; State v. Hutchinson, 26 Tex. 111; State v. Daugherty, 30 Tex. 360; Edmonson v. State, 41 Tex. 496; State v. Holder, 2 McCord L. (S. C.) 377, 19 A. D. 738.

The principal is not liable under the statute for the act of an employee against the order of the principal and without his knowledge. State v. Burke, (R. I.) 4 Atl. 761; Wetzler v. State 18 Ind. 35; Lathrope v. State, 51 Ind. 192; Com. v. Wachendorf (Mass.) 4 N. E. 817; Com. v. Stevens (Mass.) 26 N. E. 992; Com. v. Joslin (Mass.) 23 N. E. 653; State v. Webber (Mo.) 20 S. W. 33; State v. Hayes (Iowa) 24 N. W. 575; People v. Hughes (Mich.) 48 N. W. 945.

Where an offense may be committed in two or more ways, the manner of committing the offense stated in the indictment must be proven. Randle v. State, 12 Tex. App.

250; Venturio v. State, 37 Tex. Cr. Rep. 653; Willis v. State, 34 Tex. Cr. Rep. 148; Canterbury v. State, 44 S. W. 622; Kennedy v. State, 9 Tex. App. 399; Wharton's Crim. Law, Sec. 285, note G; Repalje Crim. Proc., sec. 107; Com. v. Richardson, 126 Mass. 34; Bish. Cr. Pr., secs. 517-519, 526; 1 Wharton Crim. Law., sec. 296.

The statement of the offense in the indictment should be so plain that the defendant will be apprised of the specific facts constituting the offense charged, so he will be enabled to prepare fully for his defense and plead the judgment in bar of a subsequent prosecution for the same offense. Hughes Crim. Law and Proc. sec. 2701; Evans v. U. S., 153 U. S. 583; U. S. v. Caril, 105 U. S. 611; U. S. v. Cook, 84 U. S. 174; U. S. v. Cruikshank, 92 U. S. 542; U. S. v. Simmons, 96 U. S. 360; Pettibone v. U. S., 148 U. S. 197; Biggs v. People, 8 Barb. 547.

WM. C. REID, Attorney General, for Appellee.

In indictments for misdemeanors the word "Did" may be supplied by intendment. State v. Edwards, 19 Mo. 675; State v. Halder, 2 McCord 377; State v. Whitney, 15 Ver. 298; King v. Stevens & Agnew, 5 East. 260; 2 Hale P. C. 193; People v. Duford, 66 Mich. 91, 33 N. W. 28; Shay v. People, 22 N. Y. 317.

Section 3, Chapter 3, Laws of 1901, does not make an intent to commit the offense an element of the crime. State v. Kittelle, 119 N. C. 560, 28 Am. St. 698; People v. Roby, 52 Mich. 587, 50 Am. Rep. 270; Carroll v. State, 63 Mich. 551; Vol. 17, A. & E. Enc. Law (2nd Ed.) 335.

When an offense consists not of a single act but of a series of acts, as essential elements in the crime, the charge may properly be general in its character. U: S. v. Royall, 3 Cranch (C. C.) 618.

"This court will not consider on appeal, any matters except those relating to jurisdiction, unless objection is made and exceptions saved." Territory v. Taylor, 71 Pac. 489; 12 Cyc. 808; Billings v. State, (Ind.) 6 N. W. 914.

The acts of an employee in permitting a minor to loiter or frequent a saloon or play a game therein is the act

of the owner and proprietor of the saloon.    State v. Kittelle, 110 N. C. 560, 28 Am. St. Rep. 698.

### STATEMENT OF FACTS

On the 12th day of November, 1903, the defendant was indicted and the body of the indictment is as follows:

"That Joshua P. Church, late of the county of Chaves, in the Territory of New Mexico, on the 25th day of October, in the year of our Lord one thousand nine hundred and three at the county of Chaves aforesaid in said Territory of New Mexico, being then and there proprietor, keeper and manager of a certain saloon there situate where intoxicating liquor is kept and offered for sale and where gambling is carried on and permitted, unlawfully and knowingly allow and permit one Guy C. Clements, a minor under the age of twenty-one years and a pupil in a school and educational institution, to wit:    The New Mexico Military Institute, to be and loiter upon and frequent the premises belonging to said saloon and engage in games and amusements thereon contrary to the form of the statute in such case made and provided and against the peace and dignity of the Territory of New Mexico."

The record in this case discloses very few facts, but those disclosed, together with the admission of the defendant, seem sufficient for a proper understanding and disposition of the case.

The substance of the proof was, that Guy C. Clements, Clarence Clements, Reid Curtis and one McCracken were in the Oriental saloon at Roswell, some time during September, October or November, 1903, and while there Guy C. Clements engaged in playing the roulette wheel, while the others watched the play; that Guy C. Clements and his brother Clarence were in that saloon more than once; that all of these boys were minors and students of the New Mexico Military Institute, and that they were not molested or put out of the the saloon at any time; that a man by the name of O'Connor was operating the roulette wheel in the saloon and so far as the testimony shows, the defendant was not in the saloon at the time these boys were there.    The defendant, however, admits upon the record,

that he was the owner and manager of the Oriental saloon in the fall of 1903.

Upon a trial before a jury, the defendant was found guilty as charged in the indictment. . Motion for a new trial having been overruled, judgment was rendered on the verdict, and the defendant was sentenced to pay to the Territory a fine of fifty dollars and costs, and to stand committed until fine and costs were paid.

A motion in arrest of judgment was filed and overruled and the defendant has brought the cause to this court by appeal.

## OPINION OF THE COURT.

McFIE, J.—The indictment is based upon the violation of Section 3, Chapter 3, Laws of 1901, which is as follows:

"Sec. 3. It shall be unlawful for the proprietor, keeper or manager of any saloon where intoxicating liquor is kept or offered for sale, or where gambling in any form is carried on or permitted, to permit any minor under the age of twenty-one years or any pupil in any school or educational institution, to loiter upon or frequent the premises belonging to such saloon, or to engage in games or amusements of any kind thereon."

Section 7 of the same chapter is also pertinent, and provides that:

"The word 'person' as used in this act, shall be deemed to mean firm or corporation, as well as natural person, and the person managing the business of such firm or corporation shall be liable to the penalties prescribed by this act. And the proprietor or owner of any of the establishments mentioned in this act shall be liable to the penalties prescribed by this act for any violation of its provisions within or at their establishments, whether committed by themselves or by persons in their employ."

Numerous assignments of error appear in the record, but in as much as more than one of them raise the same question in a different form, it will not be necessary for us to consider each of them separately.

The first assignment of error is, that the court erred

in overruling the defendant's motion in arrest of judgment.

The indictment in this case omitted to insert the word "did" in the charging part before the words "unlawfully and knowingly allow and permit one Guy C. Clements a minor and student of the New Mexico Military Institute to be and loiter upon and frequent the premises belonging to such saloon, and to engage in games and amusements thereon" etc.

No demurrer or motion to quash was filed, attacking the sufficiency of the indictment, but after trial and judgment, a motion in arrest of judgment was interposed, based upon this omission, as a fatal defect in the indictment. The court below overruled the motion and as counsel for the defendant contends, committed error in so doing.

The omission of the word "did" in the charging part of an indictment for a felony, has been held fatal in the State of Texas, and in some other jurisdictions, but in misdemeanors, where a more liberal rule of pleading prevails, such an omission appearing to be purely clerical, is not deemed fatal, and if desirable for completeness of statement, will be supplied by intendment. In State v. Edwards, 19 Mo. 675, the court said:

"The omission in this indictment consists of the neglect to insert the word 'did' before the words 'assault, beat and maltreat one Stephen L. Page, in the peace then and there being, and other wrongs', etc., so as to make the sentence read thus: "With force and violence, in a turbulent and violent manner, 'did' assault, beat and maltreat, etc.,' we are inclined to think that this word 'did' may, in this indictment, be supplied by intendment."

"In indictments for misdemeanors merely, such intendment is often resorted to. The strictness and rigor in construction of indictments for felonies, are not applied uniformly to indictments for mere misdemeanors. In the case of the State v. Halder, 2 McCord 377, the omission to insert the word 'did' before the words 'Feloniously utter and publish, dispose and pass' was held fatal, and the judgment was arrested. This indictment was for a felony."

"In the case of the State v. Whitney, 15 Ver. 298,

which was an indictment for a misdemeanor, selling liquor by the small measure, without license, the word 'did' was omitted, which should have been joined with the words 'sell and dispose of'. This omission was held not to be fatal on motion in arrest of judgment. Bennet, J., in delivering the opinion of the court said: "In this indictment, it is alleged that the respondent, on the first day of August A. D., 1842, at . . . . etc., sell and dispose of, etc. It is evident that the omission is purely a clercial one; the auxiliary verb may be supplied by intendment." People v. Duford, 66 Mich. 91; Shay v. The People, 22 N. Y. 317.

The omission from the indictment in the present case, is so obviously clerical, that it cannot reasonably be said that the defendant was mislead or prejudiced in pleading to the indictment and going to trial, and it is too late, in a case of misdemeanor, for the defendant to raise this question for the first time, by motion in arrest of judgment.

In the case of People v. Duford, 66 Mich. 90, the court said:

"If the word 'did' HAD BEEN USED IN THE PLACE OF 'was', after the word situate' and before 'wilfully' it would have charged the offense positively upon the respondent. This mistake, we think, should be regarded as clercial and formal, and one which did not mislead, or result to the respondent's prejudice; especially should this be so held in view of the fact that the complaint upon which he was arrested contained the charge correctly stated. If the respondent desired to take advantage of the defect relied upon, he should have demurred or moved to quash."

As to whether the omission of the word "did", as in the indictment in this case, would be fatal or not, we do not decide, but as the charge is a misdemeanor only and the punishment assessed a fine of fifty dollars and costs, we are of opinion that the court did not err in overruling the motion in arrest of judgment.

In the second, third, fourth and fifth assignments, it is charged that the court committed error in excluding

testimony offered in behalf of the defendant to the effect that the defendant had forbidden minors to loiter in his saloon premises; that he had instructed his employees not to allow minors to loiter about his saloon and has so instructed O'Conner who was in charge of the roulette wheel at the time Guy C. Clements was in the saloon. The contention of the defendant is, that his good faith evidenced by such instructions to minors and employees constitutes a good defense.

The court below excluded this testimony as immaterial on the ground that the same would not constitute a defense.

In Carroll v. The State, 63 Md. 551, the court said:

"The fact that he (Saloon-keeper) has given orders not to sell to minors, only shows a *bona fide* intent to obey the law, which all the authorities say is immaterial in determining guilt."

In McCutchen v. The People, 91 Ill. 496, the court said:

"Where in the absence of a saloon-keeper, a sale of liquor is made by his bar-tender, the directions of the former not to sell to minors will not exempt him from liability for the sale." Mugler v. State, 47 Ark. 110; Waller v. State, 38 Ark. 656; Loeb v. Georgia, 75 Georgia 258; Riley v. State, 43 Miss. 397; Dudley v. Sautbine, 49 Iowa 650; Mugler v. Kansas, 128 U. S. 623.

The instructions of the defendant, tending to show his good faith did not constitute a defense, and the court properly excluded this testimony.

The second, third, fourth, fifth and sixth assignments of error are made the basis of contention by defendant's counsel, as stated in his brief, that "the principal is not liable under the statute for the act of his employee unless he had knowledge of such act; nor is he liable if the act is committed by the employee against the order of the principal and without his knowledge."

This would doubtless be a correct statement of the law under a statute which made the intention to commit, an essential ingredient of the crime. Our statute provides that "The proprietor or owner of any of the establishments men-

tioned in this act shall be liable to the penalties prescribed by this act for any violations of its provisions within or at their establishments, whether committed by themselves or by persons in their employ." It is clear from this provision of the statute that intent to commit, is not made an essential element of the crime, nor is it provided that it shall be knowingly done. The indictment in this case uses the word "knowingly," but as the statute does not require it, it must be treated as surplusage.

In the case of Carroll v. State, supra, the Supreme Court of Maryland said:

"If intent is not an ingredient in the offense, it logically follows that it must be immaterial whether such orders are given or not, for he who does by another that which he cannot lawfully do in person, must be responsible for the agent's acts. In fact, it is his act. It cannot be, that by setting another to do his work, and occupying himself elsewhere or otherwise, he can reap the benefit of his agent's sales and escape the consequences of his agent's conduct. It would be impossible effectually to enforce a statute of this kind if that were allowed, and it would speedily become a dead letter."

This language was used by the court in a case where the charge was selling liquor to minors, but we see no difference in the principle involved. Our statute specifically provides, that the act of the employee shall be the act of the proprietor or owner of saloons where liquors are sold or gambling is permitted, and it is the proprietor or owner who is declared liable both for his own and his employee's acts and negligence. The evidence showed that Guy C. Clements, a minor, was in the saloon of the defendant for about thirty minutes on one occasion, and while there, he participated in gambling which was being carried on in the saloon, and the evidence shows, also, that this minor was in the saloon of the defendant on more than one occasion, and other minors and students were also in the saloon at the same times. There is no evidence in the record disclosing any effort to prevent these minors from entering the place, nor to prevent them from remaining there after they had entered. It

was proven, therefore, that Guy C. Clements, both a min-
or and a student of the New Mexico Military Institute, did
frequent and loiter in the saloon of the defendant, which
was also proven to be a place where intoxicating liquors
were kept and offered for sale, and where gambling was
carried on.

When this defendant procured a license to conduct
that saloon, he obligated himself to conduct it in obedience
to law and one of the existing requirements of law was that
minors and students should not be permitted to loiter upon
or frequent the defendant's saloon premises. The defendant
was under obligation to see that this law was obeyed, and
if he chose to leave others in charge of his saloon he is
liable for their failure to do what the law requires.  This
question is fully considered and a long line of authorities
examined by the court in the case of State v. Kittelle, 110
N. C. 560, and among other things the court in consider-
ing a statute quite similar to ours, but in relation to the
sale of liquors to minors, said:

"When regulations are imposed, as in this case, the
licensee is criminally liable for their non-observance.  The
defendant was found by the county commissioners 'qual-
ified', and a license was issued to him upon the personal
trust that he would conduct the business acording to the
regulations.  The sale here made to a minor was a viola-
tion of that trust, and a violation of law.  It is no defense
that the defendant had no intention to violate the law.'Good
intentions' are said by the proverb to be the pavement of
another place, but they are not a sound one for a bar-room.
The law has been violated.  It looks to the man it intrust-
ed with the management of this business, and holds him lia-
ble.  It is immaterial whether his liability is based upon
his negligence in permitting the sale, or upon the prin-
ciple of agency, or upon both, for the defendant is liable
for a negligent sale from insufficient supervision of an
agent, as much as if he had ordered the sale.  If the clerk,
as Judge Cooley says, *supra,* being in possession of the keys,
opened the saloon on Sunday for traffic, the licensee could
not excuse himself from liability by his absence or ignor-
ance, nor can he do so in the present case of a sale to the

Territory v. Church.

minor by being temporarily absent from the room. The defendant chose to seek for and assume the liabilities of the calling of a saloon-keeper that he might enjoy its profits. He cannot be allowed to enjoy its profits and assign its duties and liabilities to another."

In the case of People v. Roby, ·52 Mich. 577, the conviction of the owner was sustained where his clerk in cleaning out the saloon on Sunday, sold a drink of liquor without the knowledge or consent of the owner. In deciding that case, Chief Justice Cooley said:

"As a rule, there can be no crime without a criminal intent, but this is by no means a universal rule. One may be guilty of the high crime of manslaughter, when his only fault is gross negligence, and there are many other cases where mere neglect may be highly criminal. Many statutes which are in the nature of police regulations, as is this, impose criminal penalties irrespective of any intent to violate them, the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible."

These observations are deemed equally applicable to the present case, as our statute may be properly designated a police regulation also.

In State v. Privett, 49 N. C. 100, the court instructed the jury to the effect "that if the principal instructed his clerk not to sell, he would not be liable for the sale by the clerk, unless such instructions had been abrogated expressly or by a course of conduct which would tacitly amount to the same." When this case was before the Supreme Court, speaking of this instruction, the court said, that the defendant could not complain of it, because it was in his favor, but the court took occasion to express its disapproval of the instructions by saying that if they are to have the effect given them by the charge in this case, and in the argument of defendant's counsel, the act under which this prosecution is had will be very easily evaded." This language indicates that the court would have reversed the case if it could have done so. Bearing upon this general proposition, see also, Noecker v. People, 91 Ill. 494; McCutcheon v. People, 69 Ill. 606; Mugler v. State, 47 Ark.

110; Loeb v. Georgia, 75 Ga. 258; Snider v. State, 81 Ga. 753; Riley v. State, 43 Miss. 397; Dudley v. Sautbine, 49 Iowa 650; People v. Blake, 52 Mich. 566.

It is suggested by counsel for defendant, that Mr. O'Conner who was in charge of the roulette wheel, was not shown, to have been an employee of the defendant at the time Clements was in the saloon, and the defendant being absent, there could be no conviction. It having appeared in the evidence that this gambling device was in the defendant's saloon, and that O'Conner was operating it, and at least one witness testified that he believed he saw a bar-keeper there when he came in, and as the defendant, who was possessed of the knowledge, as to whether these parties were employees of his or not, failed to testify that they were not employees, although he gave evidence in the case, the jury were warranted in concluding that employees of the defendant were present, and granted permission, by failing to exclude these minors from the place, as was their duty to do.

The rulings as to evidence and the tenth and eleventh paragraphs of the court's instructions, authorizing conviction for acts of employees without the knowledge or consent of the defendant, and notwithstanding his instructions to them, seem to be fully sustained by the weight of authority.

The eighth assignment of error challenges the refusal of the court to give instructions one, two and three requested on behalf of the defendant. As to these instructions, counsel in his brief says, that "if given to the jury, would have enabled it to have passed on the good faith of the defendant in seeking to obey the law, and the jury would have been compelled to find the defendant not guilty under the testimony." As has been stated in another part of this opinion, good faith of the defendant does not constitute a legal defense, and while the court, in a case where it has discretion, may consider good faith in assessing the punishment, evidence tending to show good faith does not enter into the question of whether the defendant is guilty or not guilty, the sole question which the jury are

authorized to determine.  These instructions were therefore
properly refused.

The ninth and tenth assignments cannot be sustained
for reasons heretofore stated.  They are based upon the
view that O'Connor was not an employee of the defendant.

The court submitted the question to the jury as to
whether the offense was committed by employees or
not and in the eleventh and twelfth instructions giv-
en by the court of its own motion, the court plainly in-
formed the jury that there could be no conviction unless
the jury believed from the evidence and beyond a reason-
able doubt, that the offense charged was committed by
the defendant or one of his employees.  The instructions
requested by the defendant, were not broad enough, in that
they limited the issue to Mr. O'Connor who was in charge
of the roulette game authorized to be conducted in the
defendant's saloon.

The assignment that the indictment was not sufficient-
ly specific is not well taken, because this objection was
not raised by demurrer, motion to quash, or by mo-
tion in arrest of judgment.  The overruling of the
motion for a new trial, was not assigned as error in
this court, and is therefore not before us.

There being no error in the record, the judgment of
the court below is affirmed with costs.  It is so ordered.