· 529 P.2d 297

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lester Allen GUNTER, Defendant-Appellant.**

**No. 1380.**

Court of Appeals of New Mexico.

Nov. 6, 1974.

Certiorari Denied Dec. 13, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Santa Fe, Don Klein, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of contributing to the delinquency of a minor contrary to § 40A–6–3, N.M.S.A.1953 (2d Repl. Vol. 6, 1972) defendant appeals asserting ten points for reversal.

Section 40A–6–3, supra, states as follows:

"*Contributing to delinquency of minor.*—Contributing to delinquency of minor consists of any person committing any act, or omitting the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen [18] years."

1. The trial court did not instruct on intent and trial counsel stated he had "no objections or exceptions to the instructions." If intent is an essential element of the crime it is jurisdictional and may be raised for the first time on appeal. State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972).

Defendant's first point contends that criminal intent is a required element of the crime of contributing to the delinquency of a minor. We disagree.

". . . [T]he legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent. [citations omitted]."

State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941).

A reading of the statute indicates the legislature did not intend that criminal intent be an element of the offense of contributing to the delinquency of a minor. Anderson v. State, 384 P.2d 669 (Alaska 1963); State v. Sobelman, 199 Minn. 232, 271 N.W. 484 (1937); State v. Kominis, 73 Ohio App. 204, 55 N.E.2d 344 (1943); State v. Doud, 190 Or. 218, 225 P.2d 400 (1950). See also Church v. Territory, 14 N.M. 226, 91 P. 720 (1907) where our Supreme Court held intent was not an essential element of the offense of permitting a minor under the age of twenty-one years to frequent any saloon where gambling in any form was permitted.

Infants have generally been a favored class for special protection in New Mexico. See Generally New Mexico Digest (Vol. 4, 1965), Infants, ☞20. It goes without saying, there are good reasons for this special protection. The language and philosophy set forth in State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949) is appropriate:

"The ways and means by which the venal mind may corrupt and debauch the youth of our land, both male and female, are so multitudinous that to compel a complete enumeration in any statute designed for protection of the young before giving it validity would be to confess the inability of modern society to cope with the problem of juvenile delinquency. . . ."

From the foregoing we are convinced that the legislative intent was to make the commission of the act of contributing to the delinquency of a minor a crime without regard to intent. Accordingly, criminal intent was not an essential element of the crime charged and failure to instruct was not jurisdictional. Also the wording of the information in the terms of the statute was proper. The information fulfilled the requirements of R.Cr.P. 5(c) [§ 41–23–5(c), N.M.S.A.1953 (2d Repl. Vol. 6, 1972, Poc.Supp.1973)].

2. The other nine points require no discussion and are affirmed on the basis of Supreme Court Order No. 8000 Misc., dated October 3, 1974.

Affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent. The Contributing to Delinquency Statute is unconstitutionally vague. By its vagueness, it deprives those accused under its provisions of due process, in violation of the Fourteenth Amendment to the United States Constitution.

In State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972) (concurring opinion), I laid out the reasons why I believe this statute to be void for vagueness. To that analysis, I add the following.

"Delinquency" is defined in the new Children's Code, § 13–14–3(N), (O), N.M. S.A.1953 (Repl. Vol. 3, 1973 Supp.). It *took effect after the date of appellant's alleged offense, but before the date on which the criminal information was filed.* Before that, definitions of "delinquency" were supplied by reference to § 13–8–26.

State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949). That section has now been repealed. N.M.S.A. (Repl. Vol. 3, 1973 Supp.). To interpret § 40A–6–3 in light of changing definitions of "delinquency" in other statutes, without explicit mention of the applicable definition in *§ 40A–6–3, itself*, violates Article IV, Section 18 of the New Mexico Constitution, which requires that ". . . each section [of a law] as revised, amended or extended shall be set out in full."

To interpret § 40A–6–3 in terms of changing definitions in other statutes also does not remove from this section its void for vagueness Achilles heel.

If *on its face* the challenged provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it. . . . No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. [citations omitted; emphasis added]. Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, 890 (1939).

There is a further constitutional problem with this statutory section.

Section 40A–6–3 makes illegal any "act . . . which . . . causes, or tends to cause or encourage the delinquency [of a minor]." The Majority Opinion rejects appellant's claim that a crime under this statute is a specific intent crime, requiring an instruction to the jury on intent. I agree. The statutory language, which makes criminal an "act or omission" shows clearly that the Legislature did not contemplate an intent requirement for this section. State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962) ; State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941).

Appellant also contends that an act which leads to criminal liability under this section (because it has the effect of causing or encouraging delinquency in a minor) must, *itself*, be an *unlawful act*. If that is so, then it was reversible error for the trial court not to have instructed the jury on this. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973). However, the Majority Opinion rejects appellant's contention on this point. I agree, since there is nothing in the language of the statute or in the legislative history to indicate that the "act or omission" referred to in § 40A–6–3 must be unlawful in themselves.

Yet, if the section does not require specific criminal intent and also does not require that the act, itself, in which an accused engages be criminal, then a person may find himself guilty of a crime, under § 40A–6–3, *by virtue of engaging in a lawful act which had an unintended consequence*. Statutory language which allows this possibility flies in the face of due process.

And if the act which got the accused into this mess need not, itself, be illegal, then this statute does not create an "actus malum prohibitum", that is, " '[a]n act which is wrong . . . because made so by statute.' 54 C.J.S. p. 909;" Riss and Co., Inc. v. United States, 262 F.2d 245, 248, n. 3 (8th Cir. 1958). What the section does, in effect, is to create a "consequentia malum prohibitum", a *result or consequence* that is wrong because it is prohibited by statute. The requirements of due process, and of reason, keep from our legislators such unbridled power.

That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).

Appellant's conviction should be reversed.