531 P.2d 1215

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Louis LUCERO, Defendant-Appellee.**

**No. 1342.**

Court of Appeals of New Mexico.

Jan. 8, 1975.

Certiorari Denied Feb. 7, 1975.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Robert M. White, Leon Taylor, Robert J. Maguire, Albuquerque, for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was indicted for violation of Section 40A–6–1, N.M.S.A.1953 (2d Repl. Vol. 6, 1973 Supp.) which reads in pertinent part as follows:

"A.  As used in this section: (1) 'child' means a person who has not reached his age of majority;

\*    \*    \*    \*    \*    \*

"C.  Abuse of a child consists of a person knowingly, intentionally or negligently and without justifiable cause, causing or permitting a child to be: \* \* \* (2) tortured, cruelly confined or cruelly punished; \* \* \* Whoever commits abuse of a child is guilty of a fourth degree felony, unless the abuse results in the child's death or great bodily harm, in which case he is guilty of a second degree felony."

The trial court granted the defendant's motion to dismiss the indictment on the ground that § 40A–6–1, supra, was unconstitutional. The Order stated the following as grounds for dismissal:

" \* \* \* the statute makes no distinction among intentional, knowing or negli-

gent acts and makes no provision for lesser included offenses or degrees of offense according to the degree of culpability of the defendant, as do other criminal statutes of a similar nature which cover similar kinds of prohibited behavior, and that the statute thus denies defendants equal protection of the laws * * * "

The state appeals alleging that the trial court erred in holding § 40A–6–1, supra, unconstitutional. We reverse.

■ This section is of a kind often classified as a "strict liability," or "liability without fault" statute. See Harring, "Liability Without Fault", 1970 Wis.L.R. 1201 (1970). A strict liability statute is one which imposes criminal sanction for an unlawful act without requiring a showing of criminal intent. As can be seen, this section not only makes the intentional abuse of a child a wrongful act; it also condemns the negligent abuse of a child as well. The usual rationale for such statutes is that the public interest in the matter is so compelling or that the potential for harm is so great that the interests of the public must override the interests of the individual. See Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

However, "[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). Or as Justice Murphy stated in his dissent to U. S. v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943): "It is a fundamental principle of Anglo-Saxon jurisprudence that guilt is personal and that it ought not lightly to be imputed to a citizen who * * * has no evil intention or consciousness of wrongdoing." But as pointed out in Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959): "Still, it is doubtless competent for the States to create strict criminal liabilities by defining criminal offenses without any element of scienter * * * [though] there is precedent in this

Court that this power is not without limitations." See, § 40A–9–3, N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.); § 40A–9–4, N.M. S.A.1953 (2d Repl.Vol. 6 1973 Supp.); § 40A–6–3, N.M.S.A.1953 (2d Repl.Vol. 6) and Church v. Terr., 14 N.M. 226, 91 P. 720 (1907) and State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949); § 40A–7–3, N.M.S.A. 1953 (2d Repl.Vol. 6); § 40A–7–5, N.M.S.A. 1953 (2d Repl.Vol. 6).

■ The courts of this State have long adhered to the common law tradition that criminal intent is an essential element of every crime unless the Legislature expressly declares otherwise. Our most cited case on this matter is State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962):

"Whether a criminal intent is to be regarded as essential is a matter of construction. [Citations Omitted.] 'Generally speaking, when an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. [Citations Omitted.] But the legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent.' [Citations Omitted.]"

And in State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App.1969) it was said:

"The Legislature is the proper branch of government to determine what behavior should be proscribed under the police power, and, thus, to define crimes and provide for their punishment. [Citations Omitted.] A statute is sustainable as a proper exercise of that power only if the enactment is reasonably necessary to prevent manifest or anticipate evil, or is reasonably necessary to preserve the public health, safety, morals or general welfare. * * * [Citations Omitted.]"

The obvious public interest to be served by § 40A–6–1, supra, is the prevention of cruelty to children. That this is a legitimate as well as a laudable purpose within the police power of the State is equally obvious.

Whether an act prohibited by § 40A–6–1, supra, is committed intentionally, knowingly or negligently is immaterial. The Legislature has the authority to make a negligent act a crime as well as an intentional one.

The next question that should be considered, then, is whether the means chosen to achieve this acknowledged lawful result violate the United States or New Mexico constitutions by creating an arbitrary classification which will cause "invidious discrimination." The equal protection clause "constitute[s] a guaranty that all persons subject to state legislation shall be treated alike under similar circumstances and conditions in privileges conferred and liabilities imposed. [It] guarantee[s] only the protection enjoyed by other persons or classes in the same place or situation and under like circumstances. [Citations Omitted.]" State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953).

The classic formulation of the test for determining whether an enactment violates the equal protection clause of either the United States or New Mexico constitutions is found in McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." 366 U.S. at 426, 81 S.Ct. at 1105. See also Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed. 2d 1485 (1957). The alleged discrimination herein is that the statute makes a distinction between those persons who batter a child and those persons who batter an adult.

The set of facts that justify this distinction is that children, who are often times defenseless, are in need of greater protection than adults. A stricter penalty is one means of attaining this greater degree of protection. See Sections 40A–6–3, 40A–9–3, 40A–9–4, supra; State v. McKinley, supra; State v. Gunter, 529 P.2d 297 (Ct.App. 1974). This is a mark of our civilization. Unfortunately, the veneer of civilization is pitifully thin and even non-existent in some individuals. The class of offenders created by § 40A–6–1, supra, is reasonable and is related to the objectives of the statute.

We, therefore, vacate the order appealed from and remand this cause to the trial court with instructions to reinstate it on its trial calendar.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

Section 40A–6–1(C) of the New Mexico Child Abuse Statute appears to be the only one of its kind in the United States.

"At the present time, 40 states have enacted specific criminal child abuse statutes. State statutes may refer to categories such as abuse, torture, cruelty, or mistreatment." Fraser, A Pragmatic Alternative To Current Legislative Approaches To Child Abuse, 12 The American Criminal Law Review 103 (1974), Note 1.

None of the statutes use the word "negligently", or refer to placing a child "in a situation that may endanger the child's life or health", or expose a child "to the inclemency of the weather."

The trial court held the statute unconstitutional. I agree.

The grand jury indictment charged that defendant "did knowingly, intentionally, *or negligently* and without justifiable cause, *cause or permit a child,* Richard Roy Lucero, *to be tortured or cruelly punished,* such abuse resulting in the death of said Richard Roy Lucero * * * contrary to Section 40A–6–1, N.M.S.A.1953, 1973 Supp." [Emphasis added.]

Section 40A–6–1 reads in part as follows:

A. As used in this section:

(1) "child" means a person who has not reached his age of majority \* \* \*

\* \* \* \* . \* \*

C. Abuse of a child consists of a person knowingly, intentionally, *or negligently,* and without justifiable cause, causing or permitting a child to be:

(1) *placed in a situation that may endanger the child's life or health;* or

(2) tortured, cruelly confined or cruelly punished; or

(3) *exposed to the inclemency of the weather.*

Whoever commits abuse of a child is guilty of a fourth degree felony, unless the abuse results in the child's death or great bodily harm, in which case he is guilty of a second degree felony. [Emphasis added.]

Note that this statute does not condemn *a person who actually commits one or more of the acts specified.*

A. *The Child Abuse Statute is vague and indefinite.*

State v. Ferris, 80 N.M. 663, 665, 459 P. 2d 462 (Ct.App.1969) says:

The entire statute is set forth because in determining the question of unconstitutional vagueness the statute as a whole must be considered. \* \* \*

\* \* \* \* \* \*

The "vagueness" rule requires that the statutory language convey a sufficiently definite warning of the proscribed conduct. If the language is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, then the statute violates due process. \* \* \*

"It is recognized that a reasonable degree of certainty in a criminal statute is an essential of due process of law." State v. Minns, 80 N.M. 269, 270, 454 P.2d 355, 356 (Ct.App.1969).

By reasonable degree of certainty, is meant that "A penal statute should define the act necessary to constitute an offense with such certainty that a person who violates it must know that his act is criminal when he does it." State v. Prince, 52 N. M. 15, 18, 189 P.2d 993, 995 (1948).

What is meant by the phrase that the defendant did "negligently" cause or permit his child "to be tortured or cruelly punished"?

What is meant by the phrase "cause or permit"? Does this mean that defendant himself "negligently" tortured his child, or did defendant stand by and negligently allow his son to be tortured by a third person?

How do we define "negligently", "tortured", "cruelly punished" in laymen's language?

"Negligently" means foreseeability and the duty to use ordinary care. Latimer v. City of Clovis, 83 N.M. 610, 615, 495 P.2d 788 (Ct.App.1972).

"Torture" has been defined in Townsend v. People, 107 Colo. 258, 264, 111 P.2d 236, 238, 239 (1941) as follows:

In the Century Dictionary and Cyclopedia, vol. X, page 6396, the first definition of the noun "torture" is as follows: "1. The act of inflicting severe pain as a punishment, as a means of persuasion, or in revenge; \* \* \* In the first sentence under the title "Torture" in New International Encyclopedia (2d ed.), volume XXII, page 366, definitely appears the following: "The infliction of severe bodily pain either as punishment or for purpose of revenge or for the purpose of compelling the person tortured to give evidence or make confessions in judicial proceedings." Webster's New International Dictionary, 1936 edition, page 2674, defines "torture" as being: "1. Act or process of inflicting severe pain, esp. as a punishment, in order to extort confession, or in revenge; specif., act of inflicting such pain under judicial or other authoritative order, as by water

or fire, by the boot or thumbscrew, by the rack of wheel, etc."

People v. Aeschlimann, 28 Cal.App.3d 460, 473, 104 Cal.Rptr. 689, 697 (1972) says:

As authority previously quoted establishes, the prohibited act in the crime of torture is the infliction of grievous pain and suffering; however, "torture requires something in the way of pain endured over a period of time." (LaFave, Criminal Law (1972) p. 567.)

"Cruelly punished" means "deal with roughly or harshly", and "fiercely, conducive to injury, grief or pain"; with an evil mind, "an act so cruel in its nature as to denote a wicked intent to cause injury to someone." See Chaffin v. Chaffin, 239 Or. 374, 397 P.2d 771, 777 (1964).

Words like "beat", "abuse", "torture", "cruelty", provide definite standards, standards which are not vague and indefinite so as to be enforceable as a penal statute. State v. Fahy, 201 Kan. 366, 440 P.2d 566 (1968). The same is true of the words "cruelly mistreats and maltreats". State v. Samter, 4 Or.App. 349, 475 P.2d 237 (1971). These are all words of common usage which include concepts of "knowingly", "intentionally", "wilfully". But none of these concepts are included within the term "negligently". The word "negligently" and the words "tortured", "cruelly confined" or "cruelly punished" are contradictory. "Negligently" does not include the concept of an evil mind or wicked intent. The other words and phrases do. There is no reasonable degree of certainty, nor any reasonably definite standards which authorize felony punishment.

It is obvious that men of common intelligence must guess as to the meaning of "negligently * * * causing or permitting a child to be tortured or * * * cruelly punished".

This portion of the statute violates due process. It does not "inform those who are subject to it what conduct on their part will render them liable to its penalties. * * *" Connally v. General Const. Co.,

269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).

There are other portions of the statute which are vague and indefinite.

(1) Section 40A–6–1(A) reads:

As used in this section:

(1) "child" means a person who has not reached his age of majority; * * *

Men of common intelligence must guess at the meaning of "age of majority". Does it mean 18 years of age or 21 years of age, married or unmarried, confined or unconfined, at home or away from home, in New Mexico or elsewhere?

(2) Section 40A–6–1(C)(1), (3) reads:

(1) placed in a situation that *may* endanger the child's life or health;

(3) exposed to the *inclemency* of the weather. [Emphasis added.]

Men of common intelligence must guess at the meaning of those phrases when mature children are involved.

B. *The Child Abuse Statute provides for cruel and unusual punishment.*

This statute violates Amendment VIII of the Constitution of the United States because it inflicts cruel and unusual punishment.

A person, including a parent, who negligently exposes a "child" to the inclemency of the weather *and the "child" suffers no harm* is guilty of a fourth degree felony. This person shall "be imprisoned in the penitentiary for the term of not less than one [1] year nor more than five [5] years, or to the payment of a fine of not more than five thousand dollars ($5,000), or to both such imprisonment and fine in the discretion of the judge", as set forth in § 40A–29–3(D), N.M.S.A.1953 (2d Repl. Vol. 6).

The same penalty applies to a person, including a parent, who negligently permits a child to be "placed in a situation that *may* endanger the child's life or health", but in fact does not. The word "may" means that the situation is likely to endan-

ger the child's life or health, but it does not actually do so.

A person, including a parent, who unintentionally and unknowingly, but carelessly exposes a child to inclement weather, and the child dies or suffers great bodily harm is guilty of a second degree felony. This person shall be "imprisoned in the penitentiary for the term of not less than ten [10] years nor more than fifty [50] years, or to the payment of a fine of not more than ten thousand [dollars] ($10,000), or to both such imprisonment and fine in the discretion of the judge", pursuant to § 40A–29–3(B).

Does the imposition of these penalties constitute cruel and unusual punishment? "The exact scope of the constitutional phrase 'cruel and unusual' has not been detailed by this Court." Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630, 642 (1958). Those statements remain true today. "The Cruel and Unusual Punishments Clause, like the other great clauses of the Constitution, is not susceptible of precise definition." Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, 360 (1972) (Justice Brennan). In the same case, Justice Marshall pointed out that in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), a majority of the court agreed "that a sentence of 90 days" imprisonment for violation of a California statute making it a crime to 'be addicted to the use of narcotics' was cruel and unusual." 408 U.S. 328, 92 S.Ct. at 2771, 33 L.Ed.2d at 400. Justice Marshall also quotes from the dissenting opinion of Justice Field in O'Neil v. Vermont, 144 U.S. 323, 12 S.Ct. 693, 36 L. Ed. 450, 458 (1892) :

"That designation [cruel and unusual], it is true, is usually applied to punishments which inflict torture, such as the rack, the thumb-screw, the iron boot, the stretching of limbs, and the like, which

are attended with acute pain and suffering. * * * The inhibition is directed, not only against punishments of the character mentioned, but against all punishments which by their excessive length or severity are greatly disproportioned to the offenses charged. *The whole inhibition is against that which is excessive.* * * *" [Emphasis added]. 408 U.S. 323, 92 S.Ct. 2769, 33 L.Ed.2d 398.

In *Robinson,* supra, Justice Stewart wrote :

In this Court counsel for the State recognized that narcotic addiction is an illness. Indeed, it is apparently an illness which may be contracted innocently or involuntarily. We hold that a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment [Equal protection of the laws]. To be sure, imprisonment for ninety days is not, in the abstract, a punishment which is either cruel or unusual. But the question cannot be considered in the abstract. Even one day in prison would be a cruel and unusual punishment for the "crime" of having a common cold. 370 U.S. 667, 82 S.Ct. 142, 8 L. Ed.2d 763.

The Child Abuse Act deals with cruel and unusual punishment.

There are other reasons for declaring the Child Abuse Statute unconstitutional. To point them out might abuse this dissenting opinion.

Children can be adequately protected by amendment of the present statute, by many criminal statutes presently in force and by the Children's Code, under which this statute was enacted.

The judgment of the trial court should be affirmed.