## KENDJERSKI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4492.

1. **Criminal law ⬅772(6)—Charge on question of entrapment held properly refused, where purchase was made by boy with marked money.**

In prosecution for possession and sale of liquor and maintaining a nuisance, refusal to charge on question of entrapment was proper, where 15 year old boy had made purchase with marked dollar bill given him by officers with no instructions.

2. **Criminal law ⬅37—Fact that enforcement officer offers to buy, either in person or through agent, does not constitute entrapment.**

Mere fact that enforcement officer offers to buy liquor, either in person or through agent, does not constitute entrapment, but merely furnishes an opportunity to one who is willing to commit the offense.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Kate Kendjerski was convicted of unlawful sale of intoxicating liquor and maintaining a nuisance, as defined by National Prohibition Act, tit. 2, § 21, and she brings error. Affirmed.

The plaintiff in error was convicted on all three counts of an information charging her with the unlawful possession and unlawful sale of intoxicating liquor and maintaining a nuisance, as defined by section 21, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), and sentenced to pay a fine of $300 and be imprisoned in the workhouse for four months. Upon the trial of the cause, Martin Smerk, a boy about 15 years of age, testified that James Golden, a police sergeant of Cleveland, gave him a marked dollar bill, and, after witness had attempted to purchase liquor at two other places without success, Golden took him in an automobile, in company with several

other police officers, in the vicinity of plaintiff in error's residence; that he (Smerk) then got out of the automobile and shortly returned with a bottle of whisky and 50 cents in money, both of which he delivered to the officer, Golden; that he had purchased this whisky from Mrs. Kendjerski and given her the marked dollar bill in payment thereof, and she gave him the whisky and 50 cents in change; that he had purchased whisky from her on two other occasions; that when he bought this whisky he said to her that his mother was sick, and he wanted the whisky for her, which statement was not true; that, immediately after he delivered the whisky and the 50 cents in change to the officer, he returnd with the officers to the home of Mrs. Kendjerski, where they found her in possession of the marked dollar bill; that she then denied having sold any whisky to Smerk, or that she knew him, and that she had obtained this marked dollar bill by giving change to some woman who accosted her on the street. The officers testified to the same state of facts, except as to what occurred when they were not present, between the witness, Martin Smerk, and Mrs. Kendjerski at the time it is claimed the whisky was purchased.

The plaintiff in error testified that she was a working woman, and had no intoxicating liquors in her house, and had sold no intoxicating liquors to the witness Smerk in June of 1924, or in August of that year, or at the time alleged in this information, and had never sold any liquor to any person; that on the date named in the indictment she was returning from the store, where she had bought provisions for herself and a man upstairs; that as she was going along she met a lady, who came up to her and said, "Can you change me a dollar?" and I said, "Yes; I have change, and I can do it;" that, when the policeman came in, she "had three singles and the others halves and quarters. I don't know whether the lady gave me the dollar, or the store gave me the dollar, that the policeman found to be marked."

J. Harold Read, of Cleveland, Ohio (Henry DuLawrence, of Cleveland, Ohio, on the brief), for plaintiff in error.

D. C. Van Buren, Asst. U. S. Atty., of Cleveland, Ohio.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). The plaintiff in error insists that the verdict and judgment in this case is not sustained by any substantial evidence. While this question is not presented by the record, nevertheless in making this claim counsel evidently overlooks, not only that the credibility of the witness Smerk was a question for the jury, but also the further evidence of the policemen that they had given him this marked dollar; that he shortly returned with the whisky and the change; that within a very few minutes thereafter they found this marked dollar in the possession of the defendant, and that her explanation as to how this marked bill came into her possession is so unreasonable as to seriously affect, to her disadvantage, the question of her credibility.

[1, 2] It is also insisted that the court erred in refusing to charge on the question of entrapment. This record contains no evidence whatever that would require or justify any such charge. The mere fact that an enforcement officer offers to buy, either in person or through an agent, does not constitute entrapment, but merely furnishes an opportunity to one who is willing to commit the offense. Browne v. United States (C. C. A.) 290 F. 873, 874 and cases there cited.

It appears from the evidence that the enforcement officers did not instruct the boy Smerk to buy intoxicating liquors from this particular defendant, or to state any purpose whatever for which he desired to use the whisky in any purchase that he might make. In this case the officers did not induce an entirely innocent party to commit the offense.

Judgment affirmed.