The State of Ohio, Appellee, *v*. Kominis, Appellant.

(No. 1070—Decided July 23, 1943.)

*Mr. William G. Wickens,* prosecuting attorney, for appellee.

*Mr. J. W. Dilgren,* for appellant.

Doyle, J.   John Kominis was charged by affidavit with aiding, abetting and inducing the delinquency of William Gamble, a fifteen-year-old boy, in that he furnished the child with intoxicating liquor, "causing his intoxication." Trial was had in the Probate Court, without the intervention of a jury, the defendant was found guilty, and sentence was imposed.

He now prosecutes this appeal on questions of law from the judgment rendered, and assigns as error, first, that "the judgment of conviction and the sentence thereunder is manifestly against the weight of the evidence," and second, that "the facts, as disclosed by the record, do not justify a finding of guilty beyond a reasonable doubt."

The charge was predicated upon Section 1639-45, General Code, which is in the following language:

"Whoever abuses a child or aids, abets, induces, causes, encourages or contributes toward the dependency, neglect or delinquency, as herein defined, of a child or a ward of the court, or acts in a way tending to cause delinquency in such child, or who aids, abets, induces, causes or encourages a child or a ward of the court, committed to the custody of any person, department, public or private institution, to leave the custody of such person, department, public or private institution, without legal consent, shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. Each day of such contribution to such dependency, neglect or delinquency, shall be deemed a separate offense."

Under Section 1639-1, General Code, the word "child" as used in the act "includes any child under eighteen years of age."

There is testimony in the record to the effect that the defendant sold whiskey to the child and that he became intoxicated. There is likewise testimony countering this evidence. The trier of the facts believed the evidence of the prosecution, and the members of this court are of the opinion that, after taking into consideration the degree of proof required in criminal cases, such a finding is not manifestly against the weight of the evidence. See *Glowaski* v. *State,* 20 Ohio App., 112, 153 N. E., 157.

In considering the elements necessary for conviction under the statute, the question arises as to whether a conviction can be had in the absence of evidence tending to prove knowledge on the part of the liquor dispenser of the age of the delinquent. In the instant case William Gamble, while only fifteen years of age, was 6 feet 2 inches tall, weighed 170 pounds, and appeared older than his actual age.

It is almost universally held that when a statute makes an act an offense irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense. There are annotated in 115 A. L. R., 1230, many authorities which hold that "in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, or *bona fide* belief that he was of legal age, is not available as a defense."

This is the general rule, and the Ohio statute forbidding sale of liquor to minors (Section 12960, General Code) does not make ignorance of minority a defense, and therefore a saloonkeeper or bartender in this state who sells liquor to a minor for his consumption violates the statute even though he may honestly believe the minor is of legal age.

It likewise follows that the offense of inducing or causing the delinquency of a child as defined by statute may be consummated by an unlawful sale of liquor to such child, thereby causing his intoxication, even though there was an honest belief that such child was of proper age. The question of guilty knowledge is not involved.

The law imposes the peril of an unlawful sale upon the seller, and ignorance or honest belief is no defense.

The judgment is affirmed.

*Judgment affirmed.*

Stevens, P. J., and Washburn, J., concur.