The motion to strike the application for rehearing from the files is hereby sustained.

*Motion sustained.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.

THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

(No. 4167—Decided October 19, 1948.)

*Mr. Glenn E. Kemp,* for appellee.
*Mr. Isadore L. Margulis,* for appellant.

BY THE COURT. This is an appeal on questions of law from the Municipal Court of Columbus. Emma Miller, one of the defendants, was charged with (1) illegal possession of intoxicating liquor; (2) keeping a disorderly house; and (3) keeping a place where intoxicating liquor was sold.

James J. Johnson was charged with the illegal sale of intoxicating liquor. A joint trial was had which resulted in the defendants being found guilty on all the charges.

The facts pertinent to the issues raised on this appeal disclose that William O. Stokes, a state liquor inspector, who was accompanied by a lady, called at the residence of the defendant, Emma Miller, at approximately 3:30 a. m.; that the defendant, James J. Johnson, admitted them into the house, conducting them to the dining room; that two other men were there in an intoxicated condition; that upon request being made by Stokes, Johnson sold him two double shots of whiskey for $1.60; that the use of a room was requested and Johnson rented him a room for the sum of $2; that shortly after this had transpired the defendant, Emma Miller, came downstairs; that Johnson explained these transactions to her, gave her the four dollars which the state inspector had given him and she gave the proper change to Johnson to give to Stokes; that Emma Miller then went upstairs, saying that she would get the room ready; that at this juncture the city police entered, searched the house and found two pints of whiskey, one whiskey bottle practically empty and two cases of beer; and that the arrest of the two defendants then followed.

The errors assigned are:

(1) That the acts of the officer constituted entrapment;

(2) The judgment is based upon insufficient evidence.

The record discloses that the officers had no search warrant for the premises and that a motion was made to suppress all the evidence, which motion was properly overruled. See *State* v. *Lindway*, 131 Ohio St., 166, 2 N. E. (2d), 490, paragraphs four and five of the syllabus.

It is further charged that the evidence is insufficient to support the conviction. We cannot agree with this conclusion as none of the testimony offered by the state

was controverted. Neither of the defendants took the witness stand and no testimony was offered in their behalf, the defense resting at the conclusion of the state's case. The verdict is fully supported by the evidence.

It is further charged that no conviction may be had in these cases for the reason that the conduct of the state liquor inspector constituted an entrapment. We do not so hold. The rule in this state seems to be that when the doing of a particular act is a crime, regardless of the consent of anyone, if the criminal intent originates in the mind of the accused, and the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. See 12 Ohio Jurisprudence, 80, Section 38; *Davis* v. *State,* 26 Ohio App., 340, 159 N. E., 575. On the other hand, the defense is available to one who is induced or lured by an officer of the law or other person for the purpose of prosecution into the commission of a crime which he otherwise had no intention of committing. We find that the officers in this case acted only for the purpose of detecting crime and not inducing its commission.

We find no error in the record and the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.