THE STATE OF OHIO, APPELLEE, v. BUTTERY, APPELLANT.

(No. 1015—Decided June 25, 1953.)

Mr. *Jackson Bosch,* for appellee.
Messrs. *Sohngen, Parrish, Beller & Egbert,* for appellant.

*Per Curiam.* The defendant was convicted by the court, a jury having been waived, of violating Section 12960, General Code, in that he sold beer to a minor under 18 years of age. He was sentenced to imprisonment in the county jail for 60 days and to pay a fine of $150. This appeal is from that sentence.

The contention of the defendant is that proof of knowledge that he was selling to a minor under 18 years of age is an essential element of the crime and that there was no substantial evidence of such knowledge.

The language of Section 12960, General Code, is: "Whoever sells * * * beer to a minor under the age of eighteen * * * shall be fined not less than twenty-five dollars nor more than three hundred dollars, or imprisoned not more than six months in jail, or both."

It will thus be seen that the statute contains no express language making knowledge that the buyer was under 18 years of age an essential element. The question then is whether guilty knowledge, or, in the language of the common law, *scienter*, must be implied in order to make the statute conform to common-law conceptions. It is argued that it must, and, further, that the Supreme Court has so held in construing former statutes, of which the present is a re-enactment.

A consideration of this subject of the necessity of averment and proof of guilty knowledge in prosecutions for violations of statutes which contain no reference to intent or knowledge seems to have started with the case of *Birney* v. *State,* 8 Ohio, 230. That case involved a prosecution charging the defendant with the violation of a statute making it an offense to harbor or secrete any black or mulatto person, the property of another. The court held that an averment that the accused knew the person harbored was a slave was necessary. At page 238, the court said:

"* * * it can not be assumed that an act which, independent of positive enactment, involves no moral wrong, nay, an act that in many cases would be highly praiseworthy, should be made grievously criminal, when performed in total unconsciousness of the facts that infect it with crime."

In *Miller* v. *State,* 3 Ohio St., 475, the defendants were charged with violating that section of the statute which made it an offense to keep a public resort where intoxicating liquors were sold. The court held that merely charging that the accused kept a room where intoxicating liquors were sold did not charge a

violation of the statute. The constitutionality of the statute was challenged on the ground that its enactment had not conformed to the proceeding prescribed in the Constitution, and, also, because the act entirely prohibited trafficking in intoxicating liquor. The court found that the act did not entirely prohibit trafficking in liquor, and in discussing this contention said at page 487:

"To convict for a violation of the 2d section, it is necessary to aver in the information, and prove on the trial, that the seller knew the buyer to be a minor; and to convict for a violation of the 3d section, it is necessary to aver and prove, in like manner, that the seller knew the buyer to be intoxicated, or in the habit of getting intoxicated. (*Birney's case*, 8 O. R., 237.)"

However, in *Aultfather* v. *State*, 4 Ohio St., 467, the court squarely held that an information was insufficient that did not aver that the seller knew the buyer was a minor. The court stated that it had been so held in *Miller* v. *State, supra.*

In *Crabtree* v. *State*, 30 Ohio St., 382, the accused was charged with selling intoxicating liquor to a person knowing such person to be in the habit of getting intoxicated. The court held that the accused's good faith and due care in investigating the buyer's habits was a defense and should have been submitted to the jury.

In considering whether the General Assembly intended to require guilty knowledge as an element of a crime, the distinction between a fact susceptible of exact determination, such as age, and one that consists more of a matter of degree and opinion such as a habit of intoxication, is a matter of some importance. The burden placed upon the public of determining the limits of lawful conduct is not so great in the former as in the latter.

In *State* v. *Kominis*, 73 Ohio App., 204, 55 N. E.

(2d), 344, the defendant was convicted of violating Section 1639-45, General Code, by contributing to the delinquency of a minor, which was defined as a person under 18 years, by selling to him intoxicating liquor, thereby causing his intoxication. The court held that proof of knowledge of the age of the buyer was not essential, and said, at page 206:

"It is almost universally held that when a statute makes an act an offense irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense. There are annotated in 115 A. L. R., 1230, many authorities which hold that 'in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, *or bona fide* belief that he was of legal age, is not available as a defense.'

"This is the general rule, and the Ohio statute forbidding sale of liquor to minors (Section 12960, General Code) does not make ignorance of minority a defense, and therefore a saloonkeeper or bartender in this state who sells liquor to a minor for his consumption violates the statute even though he may honestly believe the minor is of legal age."

That lack of knowledge is not a necessary element of a crime in Ohio unless made so by the statute defining the crime is shown by *State* v. *Kelly,* 54 Ohio St., 166, 43 N. E., 163, which was a prosecution for selling adulterated food. The statute provided that "no person shall * * * manufacture for sale, offer for sale, or sell any drug or article of food which is adulterated." It was held that the fact that the defendant was ignorant of the adulteration was no defense. At page 179, the court quoted from the opinion of the Supreme Court of Massachusetts in *Commonwelath* v. *Murphy,* 165 Mass., 66, 42 N. E., 504, as follows:

" 'Considering the nature of the offense, the purpose to be accomplished, the practical methods available for the enforcement of the law, and such other matters as throw light upon the meaning of the language, the question in interpreting a criminal statute is whether the intention of the Legislature was to make knowledge of the facts an essential element of the offense, or to put upon everyone the burden of finding out whether his contemplated act is prohibited, and of refraining from it if it is.' "

In view of the fact that Section 12960, General Code, is entirely silent as to knowledge of the minority of the buyer, we are inclined to hold in accord with these later authorities that lack of knowledge is neither an element of the crime nor a defense thereto.

The trial court found, as quoted in defendant's brief, that there was sufficient evidence that defendant did have knowledge that the buyer of the beer was under 18 years of age. It is earnestly contended that this conclusion is not supported by evidence beyond a reasonable doubt. The trial court had the opportunity of seeing and hearing the witnesses and, of course, was in a better position to judge their credibility than is this court. We cannot say that the conclusion of the court is manifestly against the weight of the evidence.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.