Bell, J.
Defendant assigns three errors presenting two questions for our decision:
1. Did the trial court commit prejudicial error in admitting *214 in evidence that part of a transcript in a canse in the Municipal Court which shows that Mary Floyd had entered a plea of guilty to a charge of intoxication and in permitting the jury to consider such plea of guilty as evidence that she was in fact intoxicated?
2. Is it necessary for the state to prove that the defendant knew that Mary Floyd was intoxicated in order to obtain a conviction of the defendant for selling liquor to an intoxicated person?
The complete charge of the tidal judge on the question as to the plea of guilty is as follows:
“Now the court again reminds you that as a matter of law the plea of guilty to this charge of intoxication by one Mary Floyd may be considered by you as evidence supporting the contention of the state — that she was in fact intoxicated at that time. However, you should consider that plea, together with all the evidence that you have heard here, in determining whether or not you are satisfied beyond a reasonable doubt that she was in fact intoxicated at the time this sale was purported to have been made.”
In Fisher v. State, 84 Ohio St., 360, 95 N. E., 908, in the opinion by Judge Donahue, it is said:
“The record of the conviction of the minor child upon a charge of delinquency was properly admitted in evidence as tending to show that she was a delinquent child, without proof of which the charge must fail no matter how culpable his acts may be, for if she had not become a delinquent then in the very nature of things he could not have contributed to her delinquency. It is the initial fact to be proven, and the fact to which the evidence offered in the case ought to be first directed, and upon failure of proof of this fact the defendant would have been entitled to his discharge. ’ ’
Although it may reasonably be argued that a conviction of intoxication is not an essential element of the offense of selling intoxicants to an intoxicated person, as contrasted with the necessity of conviction of delinquency as an essential element of the offense of contributing to delinquency, it is nevertheless axiomatic that one can not be guilty of selling intoxicants to an intoxicated person unless that person is in fact intoxicated. In any event, intoxication must first be proved.
*215 The argument of defendant to the effect that the court erred to his prejudice in admitting the transcript of the plea of guilty would have considerable more force if the trial court had instructed the jury that such transcript alone was sufficient evidence to establish the intoxication. As has been pointed out, hoAvever, the trial court instructed the jury merely that it might consider such transcript as some evidence, “together with all the evidence that you have heard here, in determining whether or not you are satisfied beyond a reasonable doubt that she was in fact intoxicated at the time this sale Avas purported to have been made.”
We find no error, either in the admission of this evidence or in the instruction of the court thereon, that Avas prejudicial to the defendant. The other evidence, which we must assume was considered by the jury, amply bears out the conclusion of the Court of Appeals that “the record clearly reveals that Mary Floyd was in a high state of intoxication which Avas discernible to any ordinarily prudent person.”
The remaining question deals Avith the requirement of proof of scienter.
Section 4301.22, Revised Code, reads, in part, as folloAvs:
“Sales of beer and intoxicating liquor * * * are subject to the following restrictions # * *:
Í t # * #
“(B) No sales shall be made to an intoxicated person.”
Although guilty knowledge may be said, generally, to be an essential ingredient of crime, it is not always so. This court, in State v. Cameron, 91 Ohio St., 50, 109 N. E., 584, said:
‘ ‘ The instances in which it is not necessary to affirmatively aver such knowledge are those in which the declared purpose of the statute discloses the legislative intent to the contrary, as in the case of the sale of adulterated food.”
See, also, Meyer v. State, 54 Ohio St., 242, 43 N. E., 164, and the many cases dealing with the sale of adulterated foods.
The evils Avhich brought about tbe Prohibition era in this country were sought to be minimized upon the return of the legal traffic in intoxicants, and the legislative authority in its desire to control such traffic engrafted certain conditions upon the privilege it extended to engage therein. Those conditions *216 establish a standard of conduct for permit holders within which they must operate if they are to continue to operate. One of these standards of conduct is that no person shall sell beer or intoxicating liquor to an intoxicated person.
The injunction against the sale of intoxicants to an intoxicated person (Section 4301.22 (B), Revised Code) is couched in almost identical language to that which prohibits the sale of intoxicants to a minor (Section 4301.22 (A), Revised Code).
The authorities are numerous holding that “in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller’s ignorance that the buyer was a minor, or bona fide belief that he was of legal age, is not available as a defense.” Annotation, 115 A. L. R., 1230. See, also, State v. Kominis, 73 Ohio App., 204, 55 N. E. (2d), 344.
The reasoning of courts supporting this view, which is the overwhelming majority view in this country, is aptly stated as follows by the court in State, v. Hartfiel, 24 Wis., 60:
“The act in question is a police regulation, and we have no doubt that the Legislature intended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that the statute might be violated times without number, with no possibility of convicting offenders, and so it would become a dead letter on the statute book, and the evil aimed at by the Legislature remain almost wholly untouched.” See, also, State v. Kelly, 54 Ohio St., 166, 43 N. E., 163.
We are unable, under Section 4301.22, Revised Code, to distinguish between the violation of selling intoxicating liquor to a minor and that of selling such liquor to an intoxicated person. The common good, in each instance, imposes a duty upon the seller to ascertain the status or condition of the person to whom the sale is made, and if he persists in the sale he does so at his peril.
In reaching this- conclusion, we are not unmindful of this court’s decisions in Miller v. State, 3 Ohio St., 475, and Aultfather v. State, 4 Ohio St., 467, which followed the Miller ease, so far as sale to a minor is concerned. In the ninth paragraph of the syllabus in the Miller ease, it is said;
*217 "To convict for a violation of the second section [sale to minors], it is necessary to aver in the information, and prove on the trial, that the seller knew the buyer to be a minor; and to convict for a violation of the third section [sale to intoxicated persons], it is necessary to aver and prove, in like manner, that the seller knew the buyer to be intoxicated or in the habit of getting intoxicated.”
Although the Miller case has been noted by this court in several decisions, it has not been relied upon as establishing the requirement of scienter in a case of a sale of intoxicants to an intoxicated person, and only in the Aultfather case has it been relied upon as establishing such requirement in a case of such a sale to a minor. It is apparent that the court in the Miller case simply read the word, "knowingly,” into two sections of an act (“An act to provide against the evils resulting from the sale of intoxicating liquors in the state of Ohio, ’ ’ 52 Ohio Laws, 153), the wording of which is almost identical with that of subdivisions (A) and (B) of Section 4301.22, Bevised Code, and did so without giving any reason therefor.
We are of the opinion that that portion of the decision in the Miller case is no longer in the mainstream of authority on this question or within the spirit of the present liquor-control laws, and that it should no longer be the prevailing law in Ohio.
The case of Crabtree v. State, 30 Ohio St., 382, is distinguishable from the present case. There the state introduced evidence and sought to prove guilty knowledge on the part of one who sold intoxicants to an intoxicated person, and the crux of the decision goes to the admissibility of evidence to disprove such guilty knowledge.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Herbert, JJ., concur.