THE STATE OF OHIO, APPELLEE, *v.* CHERASO, APPELLANT.

(No. 1398 — Decided February 29, 1988.)

*A.M. Psenicka,* for appellee.
*Marvin R. Plasco,* for appellant Salvatore W. Cheraso.

FORD, P.J. This is an accelerated calendar case.

Appellant first challenges the trial court's decision denying his motion to dismiss this case based upon its determination that entrapment was not available as a defense to appellant and that appellant had not established this affirmative matter. Appellant claims that since the Geauga County Sheriff's Department did not have probable cause to believe that appellant was selling alcohol to minors and since the sheriff's department initiated the sale at issue here, appellant was entrapped into committing an act he would not have otherwise committed.

The defense of entrapment was elaborated upon by the Ohio Supreme Court in *State* v. *Doran* (1983), 5 Ohio

St. 3d 187, 5 OBR 404, 449 N.E. 2d 1295, as follows:

"* * * [W]here the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal.* * * However, entrapment is not established when government officials 'merely afford opportunities or facilities for the commission of the offense' and it is shown that the accused was predisposed to commit the offense.* * *" *Id.* at 192, 5 OBR at 409, 449 N.E. 2d at 1299.

Entrapment is an affirmative defense and appellant has the burden of establishing this defense by a preponderance of the evidence. *Doran, supra,* at 193-194, 5 OBR at 410, 449 N.E. 2d at 1300-1301. Once it is established, the state can rebut the entrapment defense by showing that the defendant was predisposed to commit the crime and that the state merely provided the defendant with an opportunity to commit the crime. *State v. Italiano* (1985), 18 Ohio St. 3d 38, 18 OBR 148, 479 N.E. 2d 857.

In the present action, appellant has failed to establish that he was entrapped by the state to sell alcohol to Keith Barton, thus relieving the state of its burden of proving that appellant was predisposed to commit the offense. Appellant does not contend, nor does the record reflect, that appellant was induced to sell beer to the minor as a result of any misrepresentation by the minor, or by his urging to have the subject sale consummated. While the state initiated the request, such action does not rise to the level of establishing entrapment:

"* * * The rule in this state seems to be that when the doing of a particular act is a crime, regardless of the consent of anyone, if the criminal intent originates in the mind of the accused, and the criminal offense is completed, *the fact that an opportunity is furnished,* or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, *constitutes no defense."* (Emphasis added.) *State v. Miller* (1948), 85 Ohio App. 376, 378, 40 O.O. 247, 88 N.E. 2d 614, 615.

Further pertinent to appellant's argument in this assignment, concerning the applicability of the entrapment defense to the present facts, is *Kendjerski v. United States* (C.A.6, 1926), 9 F. 2d 909, where it was held that:

"The mere fact that an enforcement officer offers to buy [liquor], either in person or through an agent, does not constitute entrapment, but merely furnishes an opportunity to one who is willing to commit the offense." *Id.* at 910.

Based on the foregoing discussion, appellant's argument is found to be without merit.

Appellant next contests his conviction under former R.C. 4301.69, claiming that the state was required to prove that appellant "knowingly" sold beer to a minor.

R.C. 4301.69 provided, in relevant part, that:

"No person shall sell intoxicating liquor to a person under the age of twenty-one years or sell beer to a person under the age of nineteen * * *."

Appellant first advances that the state was required to establish that appellant knowingly sold beer to a minor because the complaint filed against appellant charged that appellant "knowingly sold intoxicating liquor (beer) to a person under age 19." However, the lower court transcript refutes this point because the complaint actually filed against appellant charges him with "sale to under age persons prohibited." Hence, even if the state's

proof at trial was required to conform with the complaint filed against appellant, the record does not support appellant's contention that he was charged with "knowingly" having sold beer to a minor.

Appellant next argues that, absent a determination that the state was required to establish that appellant acted knowingly in this matter, it was necessary for the state to demonstrate that appellant's actions were reckless. See *State* v. *McGhee* (M.C. 1984), 12 Ohio Misc. 2d 18, 12 OBR 490, 468 N.E. 2d 400.

It is well-established that when a statute reads, "No person shall * * *," absent any reference to the requisite culpable mental state, the statute is clearly indicative of a legislative intent to impose strict liability. In this respect, and contrary to appellant's assertion, the state was not required to prove that appellant acted knowingly or recklessly in selling beer to Keith Barton. As held by the court in *State* v. *Kominis* (1943), 73 Ohio App. 204, 28 O.O. 308, 55 N.E. 2d 344:

"It is almost universally held that when a statute makes an act an offense irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense. There are annotated in 115 A.L.R., 1230, many authorities which hold that '*in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, or bona fide belief that he was of legal age, is not available as a defense.*'

"This is the general rule, and the Ohio statute forbidding sale of liquor to minors (Section 12960, General Code) does not make ignorance of minority a defense, and therefore a saloonkeeper or bartender in this state who sells liquor to a minor for his consumption violates the statute even though he may honestly believe the minor is of legal age." (Emphasis added.) *Id.* at 206, 28 O.O. at 309, 55 N.E. 2d at 345. See, also, *State* v. *Buttery* (1953), 95 Ohio App. 236, 53 O.O. 168, 118 N.E. 2d 548.

In view of the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and CHRISTLEY, JJ., concur.