The STATE of Ohio, Appellee,

v.

WAUGH, Appellant.

[Cite as *State v. Waugh* (1991), 72 Ohio App.3d 253.]

Court of Appeals of Ohio,
Gallia County.

No. 89 CA 21.

Decided Jan. 22, 1991.

*Douglas M. Cowles,* City Solicitor, for appellee.
*Richard Roderick,* for appellant.

HARSHA, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Gallipolis Municipal Court finding Pam Waugh, defendant-appellant, guilty of littering in violation of R.C. 3767.32(A), a misdemeanor of the third degree.

Appellant assigns the following errors:

"1. The trial court committed prejudicial error when it determined that this was a strict liability statute and that no mens rea was required to be proved as an element of this offense.

"2. Section 3767.32 as written is unconstitutional in that it imposes 'strict liability' on a criminal defendant without regard to criminal culpability."

On June 12, 1989, Gallia County Deputy Sheriff Willie W. Wilson filed a criminal complaint which charged appellant with littering, in violation of R.C. 3767.32(A). Appellant subsequently entered a not guilty plea to the littering

charge, and on September 5, 1989, a bench trial was held at which the following pertinent evidence was adduced.

Deputy Sheriff Wilson testified that he was also employed by the Litter Control Department and in connection with this employment, he received a telephone call from a private individual named Paul Niday who complained about illegal trash dumping on his property near Baker's Landing. Upon his investigation of the dump site, he found hot water tanks, mattresses, a washing machine, and drop cloths. He also found some cancelled checks, pieces of paper, and a local newspaper with either appellant's name and/or address on them. Appellant admitted that the checks and other paper items found by Deputy Sheriff Wilson had been her property. However, she testified that she did not illegally cause them to be placed on Niday's private property. Rather, she stated that, with the permission of her landlord, she placed her garbage in trash barrels which were retrieved by local sanitation employees. Deputy Sheriff Wilson conceded that the only evidence supporting the littering charge against Waugh were the few papers and checks found on Niday's property which bore her name and/or address.

The trial court overruled appellant's Crim.R. 29(A) motion for judgment of acquittal, and further overruled appellant's assertion that R.C. 3767.32(A) "does not pass * * * constitutional mustard [*sic*]." On September 20, 1989, the trial court entered a judgment finding that appellant was guilty of littering. On October 4, 1989, the trial court sentenced appellant to sixty days in jail and fined her $100, with the jail sentence suspended on condition of ninety days good behavior.

Appellant's first assignment of error asserts that the trial court committed prejudicial error when it determined that R.C. 3767.32 was a strict liability statute, and that no *mens rea* was required to be proved as an element of this offense. R.C. 3767.32(A) provides as follows:

"(A) No person shall, regardless of intent, throw, drop, discard, place, or deposit litter or cause litter to be thrown, dropped, discarded, placed, or deposited on any public property, on private property not owned by him, or in or on waters of the state, unless the person has:

"(1) Been directed to do so by a public official as part of a litter collection drive;

"(2) Thrown, dropped, discarded, placed, or deposited the litter in a litter receptacle in a manner that prevents its being carried away by the elements; or

"(3) Been issued a permit or license covering the litter pursuant to Chapter 3734. or 6111. of the Revised Code.

Appellant contends that since R.C. 3767.32 neither specifies any degree of culpability, nor plainly indicates a purpose to impose strict liability, recklessness was the applicable degree of culpability. When a statute defining a criminal offense neither specifies culpability, nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the crime. *State v. O'Brien* (1987), 30 Ohio St.3d 122, 124, 30 OBR 436, 437–438, 508 N.E.2d 144, 146; R.C. 2901.21(B). Moreover, it is well established that when a statute reads, "No person shall * * *," absent any reference to the requisite mental state, the statute is clearly indicative of a legislative intent to impose strict liability. *State v. Cheraso* (1988), 43 Ohio App.3d 221, 223, 540 N.E.2d 326, 328–329.

In that R.C. 3767.32 notes that littering is prohibited "regardless of intent," and that it is phrased in terms of "[n]o person shall * * *" without any stated degree of mental culpability, we are persuaded that it imposes strict liability. Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error asserts that R.C. 3767.32 is unconstitutional because its strict liability "expose[s] every citizen to a criminal conviction in the event their garbage is discovered at an illegal site, even though that person had taken all reasonable steps to see that the garbage would be properly discarded." Appellant contends this results in people being convicted without due process of law.

All legislative enactments enjoy a presumption of constitutionality. *South Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 161, 28 OBR 250, 253–254, 503 N.E.2d 136, 139–140. Similarly uncontroverted is the principle that courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449. We are persuaded that R.C. 3767.32 is not unconstitutional, either as applied in this case, or on its face, simply because it indicates a purpose to impose strict criminal liability. The statute clearly requires an overt act on the part of a defendant. A person charged with littering must either "* * * *discard* * * *, litter or *cause* litter to be * * * *discarded* * * *" (emphasis added) before he or she can be convicted under the statute. R.C. 3767.32(A). Regardless of the lack of a *mens rea* element, a defendant must be proven, beyond a reasonable doubt, to be *responsible* for the placement of litter in the waters of the state or on the lands of another. In other words, if a person places garbage in his or her trash can at the curb and the commercial refuse collector illegally dumps it, that person is not guilty under R.C. 3767.32; the refuse collector is. It is the person who has *caused* the litter to be *discarded* who is criminally liable pursuant to R.C. 3767.32. The true identity of the

actual culprit raises questions of weight of the evidence, not constitutional issues.[1]

■ Additionally, although appellant does not explicitly argue that R.C. 3767.32 is unconstitutionally vague and overbroad, we note that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the language of a criminal statute must be sufficiently definite "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115. For the reasons previously noted, R.C. 3767.32 is sufficiently definite to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by the statute. Moreover, R.C. 3767.32 is not overly broad since it applies only to persons who are responsible for littering. See, *e.g., Pepper Pike v. Felder* (1989), 51 Ohio App.3d 143, 144, 555 N.E.2d 333, 335. Accordingly, appellant's second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, J., concurs in judgment and opinion.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

I would remind the writers of the majority opinion that the record in this case shows one unmistakable point. Appellant Waugh did not do anything wrong here. She put her garbage out where she was supposed to. It was taken away by someone else, an unknown person who apparently dumped the trash on Niday's property. What the trial court and this court fail to realize is that appellant Waugh is herself a victim in this case. Her only offense is to have had trash which had the potential for being improperly disposed of. In fact, it was improperly disposed of without the knowledge or authorization of Waugh.

Apply this same standard to Niday on whose land the trash ended up. His property had the potential of being an illegal dumping site. In fact, it was used as an illegal dump when some person, unknown and unauthorized by Niday, dumped the trash on his property. If no culpable mental state is

---

1. Because appellant does not raise either sufficiency of the evidence under Crim.R. 29 or weight of the evidence upon appeal, we need not address them.

required to convict Waugh of illegally dumping her trash, then no culpable mental state is required to convict Niday of "allowing" it to be dumped there.

This is patent nonsense. Niday is a victim here. Waugh is a victim here. The guy who did the illegal dumping is getting off scot-free.

I must dissent from any result in a case where the decision cannot distinguish between who is the criminal and who is the victim.