Appellant Lynn Sellars appeals a judgment of the Muskingum County Court convicting her of Failure to Confine Animals in violation of R.C. 951.02 and 951.99:
ASSIGNMENTS OF ERRORS:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN HOLDING THAT THE STATE OF OHIO HAD PROVED ITS CASE BEYOND A REASONABLE DOUBT PRIOR TO THE PRESENTATION OF MS. SELLARS'S DEFENSE SHIFTING THE BURDEN OF PROOF AT THAT TIME TO MS. SELLARS AND FINDING THE DEFENDANT-APPELLANT GUILTY UNDER A THEORY OF "STRICT LIABILITY" BASED SOLELY ON THE PRESENTATION OF THE STATE OF OHIO'S EVIDENCE.
 II. THE STATE OF OHIO FAILED TO ESTABLISH THAT THE MUSKINGUM COUNTY COURT WAS THE PROPER VENUE TO HEAR THE INSTANT CASE.
 III. THE DEFENDANT-APPELLANT WAS DENIED HER OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
On January 16, 1998, Roberta Walcott was involved in a traffic accident on Creamery Road. Her vehicle struck a horse which had wandered into the road. Following the accident, a deputy from the Muskingum County Sheriff's Department arrived on the scene to investigate. During the course of his investigation, he determined that the horse belonged to appellant.
When the officer contacted appellant, he asked to see her horse. She informed the officer that the horse was out in the pasture, but failed to inform the officer that the horse had died from injuries sustained in the accident and was buried in the pasture at the time.
According to appellant's trial testimony, the horse was attacked by some dogs while in the pasture. In an effort to escape from the dogs, the horse jumped over a portion of the fence. When she recovered the horse, the horse was injured. A veterinarian determined that the injuries suffered by the horse would require substantial treatment, and the best course of action would be to put the horse down. The horse was then put down and buried in the pasture by a crew building a barn at appellant's residence.
Appellant was charged with Failing to Confine Animals. Following a bench trial in the Muskingum County Court, the court convicted appellant as charged. She was fined $25.
 I.
Appellant argues that the court erred in concluding that the statute defines a strict liability offense, and convicting her upon a prima facie showing that the horse was running at large.
R.C. 951.02 provides:
 No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.
 The running at large of any such animal in or upon any of the places mentioned in this section is prima facie evidence that it is running at large in violation of this section.
Violation of the statute is made a misdemeanor pursuant to R.C. 951.99.
R.C. 951.02 does not specifically state the standard of culpability to be used in order to determine if one has violated the statute. However, R.C. 2901.21(B) provides that when a statute defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the statute, culpability is not required in order for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense. Id.
It is well established that when a statute reads, "no person shall," absent any reference to the requisite culpable mental state, the statute is clearly indicative of legislative intent to impose strict liability. State vs. Cheraso (1988), 43 Ohio App.3d 221,223. Accordingly, R.C. 951.02 has been found to impose strict liability in a criminal action brought pursuant to R.C. 951.99. State vs. Bauer (June 24, 1991), Defiance App. No. 4-90-12, unreported.
The court did not err in concluding that the statute imposed strict liability, and that once the State established aprima facie case pursuant to the statute, liability should be imposed pursuant to R.C. 951.99.
The first Assignment of Error is overruled.
 II.
Appellant argues that the State did not establish venue. She argues that although the State proved that her residence was in Muskingum County, the State did not prove that the horse was pastured in Muskingum County.
Evidence was presented that the pasture was adjacent to appellant's residence. There was evidence that the residence was located in Muskingum County. Further, there was evidence that when the accident occurred, a Muskingum County Sheriff's Deputy was dispatched to the scene. From all of this evidence, the court could conclude that Muskingum County was the proper venue.
The second Assignment of Error is overruled.
 III.
Appellant argues that counsel was ineffective for failing to object to the court's imposition of strict liability. Counsel is not ineffective unless his performance fell below a reasonable standard of representation, and the defendant was prejudiced by such representation. Strickland vs. Washington
(1984), 466 U.S. 688. To demonstrate prejudice, the defendant mush show but for the errors of counsel, the result of the proceeding would have been different. Id.
As discussed in Assignment of Error I. above, the court did not err in its interpretation of the stature. Therefore, had counsel objected, the result of the proceeding would not be different.
The third Assignment of Error is overruled.
The judgment of the Muskingum County Court is affirmed.
By: Reader, V.J., Wise, P. J. and Gwin, J. concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court is affirmed. Costs to Appellant.
------------------------
------------------------
 ------------------------ JUDGES