DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court judgment of conviction and sentence. The trial court, after a trial to the bench, found Donald Jay Valich, defendant below and appellant herein, guilty of following an emergency vehicle closer than five hundred feet in violation of R.C. 4511.72.
Appellant assigns the following errors for our review.[1]
FIRST ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN ASSUMING THAT THE DEFENDANT WAS WITHIN THE FIVE HUNDRED FEET PROHIBITIVE RANGE BEHIND AN EMERGENCY VEHICLE."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN ASSUMING THAT THE DEFENDANT WAS FOLLOWING AN EMERGENCY VEHICLE WHEN HE WAS BEHIND A NON-EMERGENCY SHERIFF'S DEPUTY." (SIC)
THIRD ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN ASSUMING THAT THERE WAS INTENT TO FOLLOW THE EMERGENCY VEHICLE."
On June 10, 1999, SEOEMS employee Robert Wolfe drove an emergency medical vehicle, with emergency lights and siren activated, to a destination on Brown Avenue in the city of Athens. At trial, Wolfe testified that he observed appellant "jump" into his car and follow the emergency vehicle. Wolfe stated that appellant drove his vehicle within fifty feet of the emergency vehicle.
Appellant testified that he did not follow the emergency vehicle. Rather, appellant stated that during his search for abandoned furniture in neighborhood yards, he followed a deputy sheriff's vehicle.
After hearing the evidence, the trial court found appellant guilty as charged.[2] Appellant filed a timely notice of appeal.
 I
In his first and second assignments of error, appellant appears to assert that the trial court's judgment is against the manifest weight of the evidence. Appellee, on the other hand, contends that the trial court's judgment is amply supported by evidence in the record.
When considering appellant's assertion that the conviction is against the manifest weight of the evidence, the reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of the witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356, 1357; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court has finished its examination, the court may reverse the judgment of conviction if it appears that the trier of fact, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 547 (quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as being against the manifest weight of the evidence. State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
Upon our review of the entire record in the case sub judice, we find that the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. We find substantial evidence, if believed, upon which the trier of fact reasonably could conclude that the state established, beyond a reasonable doubt, the essential elements of the offense. The record clearly supports the conclusion that appellant followed an emergency vehicle within the prohibited distance.
We recognize that conflicts in the evidence arose during the trial court proceeding. We note, however, that the issue of witness credibility is a matter for the trier of fact, not a reviewing court. The choice between witnesses and their conflicting testimony rests with the trier of fact and an appellate court may not substitute its judgment for that of the trier of fact. See State v. Awan (1986), 22 Ohio St.3d 120,489 N.E.2d 277.
Accordingly, based upon the foregoing reasons we overrule appellant's first and second assignments of error.
 II
In his third assignment of error, appellant asserts that the prosecution produced no evidence regarding his "intent" to violate the statute. Appellee points out, however, that the statute in question is a "strict liability statute with no mental state required."
Generally, when a statute's language provides that "no person shall," absent any reference to a culpable mental state, the statute indicates the Ohio General Assembly's intent to impose strict liability for the commission of the prohibited act. SeeState v. Harr (1992), 81 Ohio App.3d 244, 610 N.E.2d 1049; Statev. Cheraso (1988), 43 Ohio App.3d 221, 540 N.E.2d 321; State v.Sellars (Apr. 21, 1999), Muskingum App. No. CT98-0034, unreported; Cleveland v. Criss (Dec. 10, 1998), Cuyahoga App. No. 72862, unreported; Akron v. Smith (Dec. 2, 1992), Summit App. No. 15571, unreported. R.C. 4511.72 includes the language "the driver * * * shall not * * *." Thus, in view of the fact that the legislature included no culpable mental state in the statute's language, we conclude that the legislature intended to impose strict liability for individuals who violate the terms of the statute. Appellant's third assignment of error is without merit.
Accordingly, based upon the foregoing reasons we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] By entry dated July 6, 1999, this court dismissed a portion of the appeal which involved two minor misdemeanor disorderly conduct judgments. In the entry we noted that appellant had satisfied the monetary fine and costs associated with the disorderly conduct convictions. Thus, pursuant to Statev. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236, State v.Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712, and Springfieldv. Myers (1988), 43 Ohio App.3d 21, 538 N.E.2d 1091, we found that appellant's voluntary payment of the fines and costs rendered moot the appeal of issues involved in those judgments. We further noted that the portion of the appeal which involves following an emergency vehicle could proceed accordingly.
[2] R.C. 4511.72 provides:
The driver of any vehicle, other than an emergency vehicle or public safety vehicle on official business, shall not follow any emergency vehicle or public safety vehicle traveling in response to an alarm closer than five hundred feet, or drive into or park such vehicle within the block where fire apparatus has stopped in answer to a fire alarm, unless directed to do so by a police officer or a fireman.