DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael S. Schmuhl, appeals his conviction in the Maumee Municipal Court for improper backing, a violation of R.C.4511.38. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On July 27, 2005, appellant was issued a citation for the offense of Improper Backing, a minor misdemeanor. A trial commenced on January 24, 2005.
 {¶ 3} Thomas Creps testified that on July 27, 2005, at approximately 9:58 p.m, he was traveling eastbound on US 24 when he was involved in an accident with appellant. *Page 2 
Appellant testified that at the time of the accident he was operating a diesel Ford 350 15-passenger van and was trailering a Fountain aluminum boat approximately 40 feet long. Appellant was in the process of backing the van and boat trailer into a residential driveway of Richard Wessendorf when the accident occurred. Appellant testified that his van had its headlights, four way flashers, and fog lights on. The trailer lights and the reflectors on the 40 foot boat trailer were on, as well, as he proceeded to back up the vehicle.
 {¶ 4} Appellant testified that Wessendorf was traveling behind him in a Chevy 1500 pickup truck, and while appellant was backing the boat into the driveway, Wessendorf positioned himself in the westbound lane of US 24 with his headlights and four way flashers on to hold up westbound traffic. He stated that he and Wessendorf communicated by using their cell phones as walkie-talkies. There were no four way flashers in the eastbound lane of travel. No one was in the eastbound lane stopping traffic.
 {¶ 5} Appellant testified that at the time of the accident, he had moved three-fourths of the boat into the driveway, and, that he first observed Creps' vehicle when it was 100 yards down the road. Appellant testified that he did not notice Creps' vehicle earlier because "I had my head out the window backing the boat into the driveway."
 {¶ 6} Trooper Gonzales testified that the point of impact between Creps and the appellant was in the middle of the eastbound lane of US 24. Creps' vehicle struck the front of the trailer near the bow of the boat. Creps was traveling eastbound on route 24, *Page 3 
was not excessively speeding or outside his lane of traffic, and did not attempt to slow down or brake before striking appellant's vehicle and trailer. Creps stated that he did not see appellant's vehicle with his lights on prior to the accident.
 {¶ 7} Trooper Gonzales testified, "The area is not lighted, the roadway was not lighted * * * so it was pretty dark out." He also stated that while there were small lights along the sides of the bottom of the trailer, they did not light up the boat or trailer at all.
 {¶ 8} Appellant was found guilty by the trial court and ordered to pay a fine of $100 plus court costs. Appellant now appeals, setting forth the following two assignments of error.
 {¶ 9} "I. The court erred when it held that the defendant failed to give adequate warning and failed to exercise vigilance, and therefore was guilty of the offense of Ohio Revised Code 4511.38.
 {¶ 10} "II. The guilty verdict returned by the judge as a matter of law was manifestly against the weight of the evidence."
 {¶ 11} In his first assignment of error, appellant contends that the state failed to prove essential elements of the offense. Specifically, appellant failed to give adequate warning and he failed to exercise vigilance.
 {¶ 12} R.C. 4511.38 states:
 {¶ 13} "No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety. *Page 4 
 {¶ 14} "Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."
 {¶ 15} The second paragraph of R.C. 4511.38 sets forth two distinct duties; first, that drivers "shall give ample warning" and second, drivers "shall exercise vigilance" while backing. The "ample warning" duty does not mandate vigilance not to injure a person or property; rather, the term vigilance is descriptive only of the mechanics of backing. Id. at 2. The term "exercise vigilance" does not establish the culpable mental state of negligence as an element of R.C. 4511.38. Id. at 1.
 {¶ 16} In the present case, it is undisputed that appellant attempted his maneuver at night in an unlit roadway. It is also undisputed that while westbound traffic may have been adequately warned through the presence of Wessendorf's lit vehicle, there was no comparable warning for the eastbound traffic. Appellant himself admitted that he did not see Creps' vehicle in time because he was focused on the task of backing. Finally, Trooper Gonzales testified that there was inadequate illumination on the portion of the boat trailer that was crossing the eastbound lane of US 24. Based on the foregoing, we find that the court did not err in holding appellant guilty of Improper Backing in violation of R.C. 4511.38.
 {¶ 17} In his second assignment of error, appellant contends his conviction is against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, the appellate court "weighs the evidence and all *Page 5 
reasonable inferences, and considers the credibility of witnesses."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The court then makes a determination as to whether in resolving conflicts in the evidence, the factfinder, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 18} Appellant's argument focuses on whether the state proved the culpable mental state of negligence. This court has previously held, however, that the applicable culpable mental state for the offense of Improper Backing, in violation of R.C. 4511.38 is strict liability.City of Perrysburg v. Bush (Mar. 31, 1999), 6th Dist. No. WD-98-072. R.C. 4511.38 begins with the words "[N]o person shall." "It is well settled that when a statute contains the language `no person shall' commit the proscribed conduct, absent any reference to the required mental state of the accused, this indicates a legislative intent to impose strict liability for the commission of the prohibited act."City of Perrysburg, supra, citing Cleveland v. Criss (Dec. 10, 1998) 8th Dist. No. 72862, State v. Workman (Feb. 23, 1998) 9th Dist. No. CA00224; State v. Harr (1992), 81 Ohio App.3d 244, 249, State v. Cheraso (1988),43 Ohio App.3d 221, 223.
 {¶ 19} Viewing the record in its entirety, we cannot say that the factfinder lost its way or created a manifest miscarriage of justice. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Maumee Municipal Court is *Page 6 
affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1